IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABEC, INC., <br><br>                 Plaintiff, <br><br> v. <br><br> EAT JUST, INC. <br><br> And <br><br> GOOD MEAT, INC. <br><br>                 Defendants. | Civil Action No.: 5:23-cv-01091-WB |

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION FOR APPOINTMENT OF DISCOVERY SPECIAL MASTER**

     Plaintiff, ABEC Inc. submits this Memorandum of Law in support of its Motion for Appointment of Discovery Special Master and respectfully requests that a Special Master be appointed to handle all discovery disputes that may arise in this case, which will inevitably arise during the months of discovery still remaining in the case. The recommended special master for such discovery disputes would be Magistrate Judge Craig Straw, who has a familiarity with the technology, the parties, and the claims asserted.

     **I.    Procedural History**

     This litigation involves manufacturing/production facilities located in three different continents, and relevant locations/document depositories in six different states: Pennsylvania, California, Missouri, North Carolina, Minnesota and Delaware. This Court has determined that the allegations of the Amended Complaint supported Plaintiff's right to undertake discovery to pierce the corporate veil as to defendant Eat Just, a company that recently has had in excess of four

10862191.v1

hundred employees. The Plaintiff's alleged damages set forth in the Amended Complaint are in excess of $100 million, and the estimated scope of the planned project undertaken by Defendants was likely to cost more than $1 billion to complete. There are also intellectual property ownership issues that have recently been alleged by defendant Good Meat, Inc.

Plaintiff served subpoenas in 2023 to compel the testimony of various fact witnesses located in California, and now is in the process of compelling the testimony of numerous third party witnesses located in Delaware and other states. Plaintiff has also issued requests for production of documents on defendants in 2023, issued interrogatories to defendants in January 2024, and issued a deposition notice in connection with an allegation of a false declaration in April 2023. Plaintiff anticipates that the total document production on its part may easily exceed millions of pages of highly technical documents. With respect to the anticipated production from Defendants, while as of the date of this motion Defendants have only produced a total of 1643 pages of documents, Defendants conceded to this Court in January 2024 that such production is anticipated to be large and will be further supplemented on a "rolling basis." Given the nature of the allegations against Defendants in the Amended Complaint, especially as to the issue of piercing the corporate veil of Defendant Eat Just, Plaintiff anticipates that Defendants' full production of documents will easily exceed several hundred thousand pages. Although Defendants have not at this stage sought to produce any privilege log to support redactions within their document production, it is anticipated that such privilege log when provided will likely involve repeated back and forth between the parties and the Court.

Moreover, in Count II of the Counterclaim, Defendants claim ABEC breached the exclusivity provision of the Agreement. It is likely that Defendants will need to retain an expert

with respect to this counterclaim to opine on whether any alleged actions taken by ABEC using such purported intellectual property was used for other purposes.

Given the discovery disputes already at issue in this case, and the length of discovery left in this case, ABEC is sure there will be additional discovery disputes that the parties will need to address. Given this, a special discovery master appears to be an appropriate mechanism to streamline resolution and avoid wasting the Court's resources to do so. The Plaintiff strongly recommends the appointment of Magistrate Judge Craig Straw to serve in the role of special master, as Magistrate Judge Straw already has some familiarity with the technology involved in the project, the parties and the claims at issue between the parties, given his prior involvement in this matter.

## II. Legal Argument

### a. Legal Standard

Under Rule 53(a)(1)(C), the Court may appoint a special master to "address pretrial and posttrial matters that cannot be effectively and timely addressed by an available district judge or magistrate judge of the district." Fed. R. Civ. P. 53(a)(1)(C). This Court has embraced the use of Special Masters to ease the burden on the judiciary and to streamline proceedings in cases involving complex legal and factual issues.

### b. Appointment of a Special Master is an Appropriate Mechanism for Overseeing Future Discovery Disputes in this Case

This case requires appointment of a special master who can dedicate significant time and energy to the expeditious resolution of these disputes while avoiding delays in resolution of issues. *Grider v. Keystone Health Plan Cent., Inc.*, 580 F.3d 119, 126 (3d Cir. 2009) (noting that appointing a special discovery master helped move discovery along because the weekly meetings and intensive monitoring caused discovery to run more smoothly). Appointment of a special

master for all pretrial discovery issues will ensure that this case stays on schedule for trial. *Eisai Inc. v. Sanofi–Aventis U.S., LLC*, 2012 WL 1299701, at *11 (D.N.J. Apr. 16, 2012) ("In order to expedite the timely resolution of any existing or prospective disputes regarding the designation of discovery under the Confidentiality Order, the Court will appoint a Special Master.").

Here, it is apparent that there will be numerous discovery disputes, as two disputes were already presented to this Court in the matter of two weeks because the parties were unable to resolve them without Court intervention. While this Court was expeditious in dealing with these issues, Plaintiff seeks to avoid burdening the Court with further disputes, as Plaintiff expects there will be many. Indeed, in this motion, ABEC has already identified a few potential disputes, including but not limited to, (i) Defendants' deficient production, (ii) issues related to privilege, (iii) third-party subpoenas, and (iv) potential expert discovery disputes related to intellectual property. Accordingly, appointment of a special master is necessary to provide ongoing oversight over discovery disputes that will arise in this case.

Indeed, while the Court recently ordered that Defendants could produce their documents on a rolling basis, ABEC believes there is still an issue regarding the documents Defendants have produced to date. First, Defendants have produced redacted documents, but have not provided a redaction log. Second, Defendants claim that certain documents are not in their possession, custody or control, such as text messages and financial documents. Based on ABEC's knowledge of this case, it is apparent that such documents do exist, and should be in Defendants' possession, custody or control. Further, at the start of the litigation in March 2023, Plaintiff provided counsel for defendants with notices of litigation holds to prevent the wrongful destruction or spoliation of defendants' corporate records.  A discovery special master could assist in resolving these disputes

10862191.v1

more fully, and avoid wasting the Court's time in receiving further correspondence related to such disputes.

Further, ABEC has begun the process started in March 2023 of seeking discovery on numerous third parties, as well as the planned depositions of various individuals currently/employed or formerly employed by Defendants, especially the current address of individuals with knowledge that have left the employ of Defendant Eat Just. In order to comply with the current discovery deadlines stipulated by the parties, ABEC anticipates that additional information will likely be the subject of numerous disputes. For example, given that even vital information such as text messages exchanged between the principals of the parties have not been "discovered" with the documents in the possession of Defendants almost a year into the litigation, such productions will likely require close supervision by the Court. These discovery disputes will need to be addressed in a timely manner to ensure the case stays on track as set forth in the Court's scheduling order. *See Eisai Inc.,* 2012 WL 1299701, at *11. Under the existing scheduling order, the discovery end date is currently June 17, 2024. Based on the recent discovery disputes, it is clear that there will be additional discovery disputes in the future. The presence of a Special Master to oversee this process and act promptly and decisively on discovery issues as they arise will facilitate an orderly progress towards final pretrial preparation.

### III. Conclusion

For the foregoing reasons, ABEC Inc. respectfully requests that this Court appoint a discovery special master to hear and resolve all pre-trial discovery disputes in this matter, with the costs to be shared equally between the parties.

    Respectfully submitted,

    KLEHR HARRISON
    HARVEY BRANZBURG LLP

10862191.v1

|  |  |
|---|---|
| Dated:  February 13, 2024 | By: <u>*/s/ Stephanie D. Wolbransky*</u><br>Charles A. Ercole<br>Peter J. Norman<br>Stephanie D. Wolbransky<br>1835 Market Street<br>Philadelphia, PA  19103<br>cercole@klehr.com<br>pnorman@klehr.com<br>swolbransky@klehr.com<br>(215) 569-2700 |

10862191.v1