**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ABEC, INC.

                Plaintiff

          v.

EAT JUST, INC. and GOOD MEAT, INC.

                Defendants

NO. 5:23-cv-01091-WB

## ABEC, INC.'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

10891723.v3

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

I.      INTRODUCTION ................................................................................................. 1

II.     LEGAL ARGUMENT........................................................................................... 2

      a.      Defendants' Argument that the Parties will "likely [be] require[d] . . . to arbitrate this dispute" has Been Rejected by this Court. ....................................................... 2

      b.      Defendants purposefully ignore the legal requirements to put the Plaintiff on notice of the alleged terms of the Contract for which they are suing. .................... 3

III.    Defendants' Arguments as to the Tort Claims Establish the Very Reasons These Claims Should be Dismissed. ............................................................................................ 5

      i.      The Law of Pennsylvania Controls as to Their Tort Claims ...................... 5

      ii.     Defendants Do Not Allege Title to the Undelivered Equipment ............... 6

      iii.    Defendants Fail to Plead Their Counterclaims for Replevin in Conversion in the Alternative......................................................................................... 7

IV.     CONCLUSION..................................................................................................... 8

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Brown v. Suburban Life Publ'g, LLC*,
No. Civ.A. 10-245, 2011 WL 1465423 (E.D. Pa. Apr. 15, 2011) ............................................5

*Commonwealth v. Dean*,
369 A.2d 424 (1976) ...............................................................................................................6

*Ehleiter v. Grapetree Shores, Inc.*
482 F.3d 207 (3d Cir. 2007)....................................................................................................3

*Fenton v. Balick*,
821 F. Supp. 2d 755 (E.D. Pa. 2011) .....................................................................................6

*Griffith v. United States Airlines, Inc.*,
203 A.2d 796 (Pa. 1963) .........................................................................................................5

*Hammersmith v. TIG Ins. Co.*,
480 F.3d 220 (3d Cir.2007)......................................................................................................5

*Harlan & Hollingsworth Corp. v. McBride*,
69 A.2d 9 (Del. 1949) ..............................................................................................................6

*Heritage Homes of De La Warr, Inc. v. Alexander*,
No. CIV.A. 1399-K, 2005 WL 2173992 (Del. Ch. Sept. 1, 2005), aff'd, 900
A.2d 100 (Del. 2006) ...............................................................................................................4

*Markowitz v. Northeast Land Co.*,
906 F.2d 100 (3d Cir. 1990).....................................................................................................7

*McKeeman v. Corestates Bank, N.A.*,
751 A.2d 655 (Pa. Super. 2000)...............................................................................................6

*Reinert v. Nationwide Ins. Co.*, No. Civ.A. 12-1094, 2013 WL 1311097 (E.D. Pa.
2013) ........................................................................................................................................5

*Retzlaff v. Horace Mann Ins.*,
738 F.Supp. 2d 564 (D. Del. 2010).........................................................................................4

*Tellabs, Inc. v. Makor Issues & Rights, Ltd.*,
551 U.S. 308 (2007).................................................................................................................3

*Weiss v. Leewards Creative Crafts, Inc.*,
1993 WL 155493 (Del. Ch. Apr. 29, 1993) ............................................................................6

*Zimmer v. CooperNeff Advisors, Inc.*,
    523 F.3d 224 (3d Cir. 2008)............................................................................3

**Statutes**

Del. Code, Title 6, Article 2, Section 2-209(2).............................................................3

Del. Code, Title 6, Article 2, Section 2-401(2)(b)........................................................7

**Other Authorities**

5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. And Proc. § 1363 (3d ed.
    2004)...................................................................................................................4

Fed. R. Civ. P. 8(d)(2)...................................................................................................7

Rule 12(b)(6)............................................................................................................3, 7

## I.        <u>INTRODUCTION</u>

In its Motion to Dismiss Defendants' Counterclaims, Plaintiff raised legitimate, substantial challenges to Defendants' legal claims:   What were the terms of the supposed contract(s) that Defendants were suing under in Count I?  How were Defendants' tort claims in Counts III and IV separate and distinct from Defendants' contractual claims in Counts I and II? Why were there no allegations of "title" or "possession" by the Defendants of the 45 different categories of equipment and "raw materials"[1] that form the basis of the replevin and conversion claims in Counts III and IV?  Under what legal theory is Count V for a declaratory judgment allowed as a cause of action in either Delaware or Pennsylvania?

In their opposition to such clear challenges to the Counterclaim's pleadings, Defendants merely sought to increase the rhetoric and bluster, without focusing on the crucially absent allegations to support their pleadings.  Defendants also sought to rehash arguments on issues regarding Defendants' rights to arbitrate Plaintiff's claims, and the contractual right Plaintiff has to bring its claims in this Court, arguments that were absolutely addressed and rejected by this Court in its December 21, 2023 Opinion.  Accordingly, for the reasons set forth herein, as well as in the reasons stated in ABEC's Motion to Dismiss Defendants' Counterclaims (ECF No. 62), which are incorporated herein by reference, ABEC respectfully requests that this Court dismiss Defendants' Counterclaims.

---

[1] By way of example, in Paragraph 2(d) and (e) of Count I of the Counterclaim, Defendants aver a right to "Raw Material and Components to Enable Bioreactor Fabrication" and "Raw Materials for Fabricating Support Equipment" including "Steel". ECF No. 58.

## II.     <u>LEGAL ARGUMENT</u>

### a.     <u>Defendants' Argument that the Parties will "likely [be] require[d] . . . to arbitrate this dispute" has Been Rejected by this Court.</u>

In a refusal to accept the prior rulings of this Court and showing an inability to grasp issues of waiver and preclusion,[2] Defendants argue that the integration clause in the Bioreactor Agreement is of no consequence, but also claim that the Amendments do not supersede the Bioreactor Agreement. *See* Opp. Br., at p. 13. However, they also request that the Court find that the Amendments are ineffective and somehow require that the parties' dispute be subject to arbitration. *Id.* at p. 19-20. This argument is wholly without merit because this Court, in denying Defendants' motion to compel arbitration, has already concluded that the arbitration provision was superseded by the Amendments. Specifically, in its December 21, 2023 opinion, this Court noted, "the later language in the Amendments governs, and, as a matter of Delaware law, there was no 'valid agreement to arbitrate' disputes relating to the invoices and purchase orders mentioned in that agreement." ECF No. 51, at p. 10. Accordingly, this Court has already determined that the

---

[2] Throughout its opposition, Defendants mischaracterize the legal validity of the Amendments. This Court was not "bound to accept as true" the legal validity of the Amendments as part of its Defendants' Motion to Compel Arbitration – Defendants actively chose not to contest authenticity of the Amendments once the terms of the Amendments became an issue before this Court. See ECF No. 51, n. 7. Defendants did so knowingly as Defendants expressly argued that contractual terms within the Amendments actually supported their claim with respect to the arbitration clause. Should Defendants have sought to contest the legal validity of the Amendments, Defendant, Good Meat, Inc. could easily have done so in their Reply Brief for the Motion to Compel Arbitration. See ECF No. 44. Plaintiff had clearly raised the issue of a legally valid contract right in Plaintiff's Opposition to the Motion to Compel Arbitration. See No. ECF 41. Instead of contesting the legal validity of the Amendments, in its Reply Brief, Good Meat, Inc. actively promoted the contract validity of the Amendments to argue in support of its Motion to Compel. See ECF No. 44, pp. 3-4. Good Meat, Inc. could have disputed the authenticity of the Amendments, and the Court would then have conducted a "mini-hearing" on the factual issues surrounding the arbitration clause, so that the Court could make an evidentiary ruling on the contracts before it. Good Meat, Inc. did not do so, and thus, waived any such right.

In their opposition to ABEC's Motion to Dismiss the Counterclaims, Defendants now makes the specious argument that there was somehow an "escrow" agreement with respect to the Amendments. See ECF No. 76, pp. 2, 5. This argument of a new "escrow" agreement **is unsupported by any allegation** contained in the Amended Complaint, the Answer or the Counterclaim, and is made out of whole cloth. This would constitute another "agreement" for which no supporting allegations are made by the Defendants in the pleadings.

10891723.v3

Amendments control, not the Bioreactor Agreement, and Defendants' declaratory judgment claim should be dismissed.

Moreover, Defendants active participation in this litigation – filing notices of deposition of witnesses, serving document requests and interrogatories, proffering requests for admissions, and initiating counterclaims against ABEC – are all evidence that the any arbitration rights have been waived. *See Ehleiter v. Grapetree Shores, Inc.* 482 F.3d 207, 224 (3d Cir. 2007); *see also Zimmer v. CooperNeff Advisors, Inc.,* 523 F.3d 224, 232 (3d Cir. 2008) (finding party waived its right to compel arbitration by initiating and pursuing litigation).

      **b.**    <u>**Defendants purposefully ignore the legal requirements to put the Plaintiff on notice of the alleged terms of the Contract for which they are suing.**</u>

Plaintiff readily admits in the Amended Complaint that it entered into the Bioreactor Agreement with Defendant Good Meat.  See ECF 37, and Exhibit C thereto.  However, it is absolutely clear from any review of the Bioreactor Agreement that the Defendants' averred 45 express categories of equipment and raw materials contained in Count I of the Counterclaim **<u>are nowhere to be found</u>** in the Bioreactor Agreement.[3]  Accordingly, any averments of such cannot reasonably be considered by this Court as a material part of the Bioreactor Agreement entered into between the parties, especially as to an integrated document such as the Bioreactor Agreement. *See, e.g.,* Del. Code, Title 6, Article 2, Section 2-209(2) ("A signed agreement which excludes modification or rescission except by a signed writing or other signed record cannot be otherwise modified or rescinded").  Accordingly, Defendants have the burden of pleading at a minimum the

---

[3] The United States Supreme Court has made clear that while a Rule 12(b)(6) motion to dismiss requires that the court "accept all factual allegations in the complaint as true," courts also "must consider the complaint in its entirety, as well as other sources courts ordinarily examine when ruling on Rule 12(b)(6) motions to dismiss, in particular, documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

existence of an amendment under the Bioreactor Agreement that contains these express 45 categories of claimed equipment that is the subject of Count I of the Counterclaim.  This burden includes putting the Plaintiff on notice by averring the actual terms, conditions, and dates of execution of any purported amendments to the Bioreactor Agreement – because such terms are clearly outside of the Bioreactor Agreement.

There is no question that likely the most material term of any contract is the price.  *Heritage Homes of De La Warr, Inc. v. Alexander,* No. CIV.A. 1399-K, 2005 WL 2173992, at *3 (Del. Ch. Sept. 1, 2005), aff'd, 900 A.2d 100 (Del. 2006). However, with respect to Count I of the Counterclaim, and despite Plaintiff's demand for an averment as to pricing, Defendants do not aver the agreed upon price for the alleged work under the Bioreactor Agreement.  Nor do Defendants explain to this Court the basis for their argument that Defendants have no duty to place Plaintiff on notice with respect to a material term in any contract.  While Defendants repeat the same tired trope – "we paid X" or we "issued payments of X" – this averment does not provide this Court with any legal basis to conclude that the any alleged contract had a price of X, of Y or of Z.  *See e.g.,* ECF No. 58, Counterclaim, ¶49. And clearly the absence of this averment cannot by law put the Plaintiff on notice as to what was the alleged contract price.

In summary, Defendants' argument is this – "We have said we entered into a contract – why would we have to say anything else?" Fortunately, federal pleading requirements, especially when the terms of the pleading are contradicted by written exhibits to the pleading, do not allow for such conclusory allegations to support a claim. *See Retzlaff v. Horace Mann Ins.,* 738 F.Supp. 2d 564, 567 (D. Del. 2010); *see also* 5C Charles Alan Wright & Arthur R. Miller, Fed. Prac. And Proc. § 1363 (3d ed. 2004). Accordingly, Defendants' Counterclaim with respect to Count I for breach of contract should be dismissed.

4

**III.    Defendants' Arguments as to the Tort Claims Establish the Very Reasons These Claims Should be Dismissed.**

**i.    The Law of Pennsylvania Controls as to Their Tort Claims**

Counts III (replevin) and IV (conversion) of the Counterclaim are actions in tort.  To analyze the tort claims, the Court must analyze "the policies and interests underlying the particular issue before the court." *Griffith v. United States Airlines, Inc.,* 203 A.2d 796 (Pa. 1963).  In this case, Pennsylvania law, and not Delaware, applies.

Under Pennsylvania's choice-of-law rules, a court must initially determine whether there is an actual conflict between the competing States' laws. *Hammersmith v. TIG Ins. Co.*, 480 F.3d 220, 226–27 (3d Cir.2007)). To make this determination, the court must analyze the substance of the potentially applicable laws to identify "whether these states would actually treat this issue any differently." *Id*. at 230. If the application of the competing laws would not lead to different outcomes, no conflict exists, and the court need only apply the forum State's law. *Id*. However, where the competing laws would lead to different results, the court must then characterize the type of conflict involved. *Id*. In order to do this, the court must engage in an "interest analysis" of the policies of the interested states, "and then characterize the relationship between the policies and the factual predicate of the action as a true conflict, a false conflict, or an 'unprovided for situation.'" *Reinert v. Nationwide Ins. Co.,* No. Civ.A. 12-1094, 2013 WL 1311097, at *3 (E.D. Pa. 2013) (citing *Hammersmith*, 480 F.3d at 230). Where there is a "false conflict" the law of the only interested state applies. *Hammersmith,* 480 F.3d at 229.

Here, Pennsylvania law applies to Defendants' conversion and replevin claims because there is no actual conflict in the laws between Pennsylvania and Delaware with respect to the elements of each. Under Pennsylvania law, conversion is an act of willful interference with the dominion or control over a chattel done without lawful justification, by which any person entitled

10891723.v3

to the chattel is deprived of its use and possession. *Brown v. Suburban Life Publ'g, LLC*, No. Civ.A. 10-245, 2011 WL 1465423, at *6 (E.D. Pa. Apr. 15, 2011) (quoting *Baram v. Farugia*, 606 F.2d 42, 43 (3d Cir. 1979) (applying Pennsylvania law)). Similarly, to prevail in a replevin action, the plaintiff must show not only title, but also the exclusive right of immediate possession of the property. *Fenton v. Balick*, 821 F. Supp. 2d 755, 759 (E.D. Pa. 2011). Under Delaware law, replevin and conversion require proof of the same three elements, namely: (1) it had a property interest in the allegedly converted property, (2) it had a right to possession of such property, and (3) the other party wrongfully possessed or disposed of the property as if it were their own. *See* Opp. Br., at 15-16 (citing *Israel Disc. Bank of New York v. First State Depository Co.*, LLC, No. CIV.A. 7237-VCP, 2012 WL 4459802, at *13 (Del. Ch. Sept. 27, 2012), aff'd, 86 A.3d 1118 (Del. 2014)). Indeed, such elements are the same in both Pennsylvania and Delaware, and thus, Pennsylvania law applies.

## ii.     Defendants Do Not Allege Title to the Undelivered Equipment

Nonetheless, under either Pennsylvania or Delaware law, Defendants must allege an actual possessory interest in the subject matter of the conversion or replevin claims.   *See e.g., Commonwealth v. Dean,* 369 A.2d 424, 425 (1976)(finding an essential element of a replevin action is "actual or constructive possession of the property."); *McKeeman v. Corestates Bank, N.A.,* 751 A.2d 655, 659, n. 3 (Pa. Super. 2000)(noting deprivation of possession is an element to establish a claim for conversion); *Harlan & Hollingsworth Corp. v. McBride,* 69 A.2d 9, 11 (Del. 1949)(to establish a prima facie case for replevin, there must be a showing of a "right to immediate possession"); *Weiss v. Leewards Creative Crafts, Inc.,* 1993 WL 155493, at *6 (Del. Ch. Apr. 29, 1993)(dismissing conversion claim where the plaintiff failed to show his cognizable property right and right to possession of the allegedly converted goods*). Defendants need to have alleged title or at least prior possession to support such claims.

10891723.v3

Defendants have not, and cannot, allege title rights to the purported 45 categories of equipment and raw materials that are distinct from their (deficient) contractual claim.[4] Additionally, Defendants have not, and cannot, allege any prior possession of the "Undelivered Equipment" that would somehow rise to an ownership interest that would be distinct from their (deficient) contractual claim. Indeed, Defendants only claims some payment was made and that the Undelivered Equipment was part of that payment, but otherwise set forth no facts in support of their claim. The conclusory allegations that Defendants have "a property interest in the Undelivered Equipment" and has "a right to the immediate and exclusive possession of the Undelivered Equipment," does not satisfy Rule 12(b)(6)'s liberal pleading standards. *See Markowitz v. Northeast Land Co.,* 906 F.2d 100, 103 (3d Cir. 1990)(noting that on a motion to dismiss, the court must accept only **non-conclusory factual allegations** as true)(emphasis added)).  Without more than the conclusory allegations set forth in the Counterclaims, Defendants claim fail as a matter of law.

### iii.    Defendants Fail to Plead Their Counterclaims for Replevin in Conversion in the Alternative

Notwithstanding Defendants' failure to state a claim, their replevin and conversion claims also fail as a matter of law because Defendants failed to plead them in the alternative. Indeed, Defendants are entitled, at this stage, to plead their claims in the alternative. *See* Fed. R. Civ. P. 8(d)(2). However, Defendants failed to indicate in their Counterclaims that replevin and conversion were being pleaded in the alternative. Accordingly, these claims must be dismissed.

---

[4] Defendants have not alleged that any contract contained an agreement as to when title allegedly would pass to Defendants.  *See generally* Del. Code, Title 6, Article 2, Section 2-401(2)(b) (absent explicit agreement as to when title would pass, for contract involving delivery to a destination, title to goods passes "upon tender of delivery" at such destination.)  Defendants' catchy designation of supposed "Undelivered Equipment" would clearly work to defeat Defendants' tort claims by dashing any title rights because it is an admission that no such tender at the destination was made.

## IV.    <u>CONCLUSION</u>

For the foregoing reasons, and as set forth in ABEC, Inc.'s Motion to Dismiss the

Counterclaims, ABEC, Inc. respectfully request that its motion to dismiss be granted in its entirety.

<div style="margin-left: 50%;">

KLEHR HARRISON HARVEY
BRANZBURG LLP


By:  <u>/s/ *Peter J. Norman*</u>
    Peter J. Norman, # 65658
    Charles A. Ercole, #69192
    Stephanie  D. Wolbransky, #326356
    1835 Market Street  |  Suite 1400
    Philadelphia, Pennsylvania 19103
    Telephone:  215.569.2700

    Attorneys for Plaintiff ABEC, Inc.

</div>

10891723.v3