# Exhibit 1

KLEHR HARRISON HARVEY BRANZBURG LLP

Stephanie D. Wolbransky
**Direct Dial**: 215-569-1959
**Email**: SWolbransky@klehr.com

February 14, 2024

**VIA HAND DELIVERY**
The Founders Fund V Entrepreneurs Fund, LP
c/o The Corporation Trust Company
Corporation Trust Center
1209 Orange Street
Wilmington, DE 19801

**Re: ABEC Inc. v. GOOD Meat Inc. and EAT JUST Inc., No. 5:23-cv-01091**

Dear Sir or Madam:

This Firm represents Plaintiff, ABEC Inc., in connection with the above-captioned matter. Enclosed please find a Subpoena to Testify and Produce Documents at a Deposition in a Civil Action on March 7, 2024 at 4:00 pm.

Please advise us if you have any questions or concerns regarding compliance with the subpoena. Thank you for your anticipated cooperation in this matter.

Very truly yours,

*/s/ Stephanie D. Wolbransky*

Stephanie D. Wolbransky

SDW:

**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ABEC, INC.,<br><br>Plaintiff,<br><br>v.<br><br>EAT JUST, INC.<br><br>And<br><br>GOOD MEAT, INC.<br><br>Defendants. | Civil Action No.: 5:23-cv-01091-WB |

**NOTICE OF SUBPOENA**

TO: Brian Boyle
Rachel Mudra
DLA Piper LLP (US)
1650 Market Street, Suite 5000
Philadelphia, PA 19103
Attorneys for Defendants

PLEASE TAKE NOTICE, pursuant to Federal Rule of Civil Procedure 45, that Plaintiff, ABEC Inc. intends to serve a Subpoena, in the form attached hereto, on THE FOUNDERS FUND V ENTREPRENEURS FUND, LP, on February 14, 2024, or as soon thereafter as service may be effectuated.

KLEHR HARRISON
HARVEY BRANZBURG LLP

Dated: February 13, 2024

By: */s/ Stephanie D. Wolbransky*
Charles A. Ercole
Peter J. Norman
Stephanie D. Wolbransky
1835 Market Street

Philadelphia, PA 19103
cercole@klehr.com
pnorman@klehr.com
swolbransky@klehr.com
(215) 569-2700
*Attorneys for Plaintiff ABEC, Inc.*

AO 88A (Rev. 12/20) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Eastern District of Pennsylvania

| | | |
|---|---|---|
| ABEC INC. *Plaintiff* v. GOOD MEAT INC. and EAT JUST INC. *Defendant* | ) ) ) ) ) ) | Civil Action No. 5:23-cv-01091-WB |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: THE FOUNDERS FUND V ENTREPRENEURS FUND, LP

*(Name of person to whom this subpoena is directed)*

☑ Testimony: YOU ARE COMMANDED to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must promptly confer in good faith with the party serving this subpoena about the following matters, or those set forth in an attachment, and you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about these matters: See attached Schedule A.

| | |
|---|---|
| Place: Klehr Harrison Harvey Branzburg LLP<br>1835 Market Street, Suite 1400<br>Philadelphia, PA 19103 | Date and Time:<br>03/07/2024 4:00 pm |

The deposition will be recorded by this method: Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material: See attached Schedule B.

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: 02/13/2024

*CLERK OF COURT*

OR

/s/ Stephanie D. Wolbransky

*Signature of Clerk or Deputy Clerk* | *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* ABEC Inc. , who issues or requests this subpoena, are:

Stephanie D. Wolbransky, 1835 Market St., 1400, Phila, PA 19103, swolbransky@klehr.com, 215-569-2700

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

Civil Action No. 5:23-cv-01091-WB

## PROOF OF SERVICE

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

I received this subpoena for *(name of individual and title, if any)* ______________________
on *(date)* ______________ .

❐ I served the subpoena by delivering a copy to the named individual as follows: ______________

______________________________________________ on *(date)* ______________ ; or

❐ I returned the subpoena unexecuted because: ______________________________________

______________________________________________________________________ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ ______________ .

My fees are $ ____________ for travel and $ ____________ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: ______________

______________________________________
*Server's signature*

______________________________________
*Printed name and title*

______________________________________
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** ***For a Trial, Hearing, or Deposition.*** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** ***For Other Discovery.*** A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SCHEDULE A TO SUBPOENA

## DEFINITIONS

1. "ABEC" or "Plaintiff" means Plaintiff ABEC, Inc., and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

2. "EJ" or "Eat Just" means Defendant Eat Just, Inc., and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

3. "GM" or "Good Meat" means Defendant Good Meat, Inc., and any and all predecessors or successors in interest, employees, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

4. "Litigation" shall mean the civil action initiated by Plaintiff against Defendants, which Defendants removed to the United States District Court for the Eastern District of Pennsylvania, No. 5:23-cv-01091.

5. "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff in the Litigation in August 2023, a copy of which is attached hereto as Schedule A, Tab 1.

6. "Counterclaims" shall mean the Counterclaims filed by Defendants in the Litigation in January 2024.

7. Any capitalized terms not specifically defined herein shall have the same meaning as that set forth in the Amended Complaint.

8. Wherever used, the singular includes the plural, and the plural includes the singular; the masculine includes the feminine, and the feminine includes the masculine; the disjunctive "or"

includes the conjunctive "and," and the conjunctive "and" includes the disjunctive "or"; and each of the functional words "each," "every," "any," and "all" includes each of the other functional words.

9. As used herein, the term "concerning" means regarding, referring to, describing, evidencing, or constituting.

10. As used herein, the term "relate(d)" or "relating" or "referring" means concerning, mentioning, reflecting, pertaining, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, or constituting (in whole or part), as the context makes appropriate.

11. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12. "ESI" shall mean all electronically stored information, including but not limited to computer files, electronic mail, text messages, instant messages, information on social media or other websites (e.g., Facebook, LinkedIn), information stored on "smart" or other Internet-and-text capable cellular phones or tablet devices (e.g., iPad), information stored on USB, "flash" drives, or other portable electronic media, information stored on cloud storage sites, and any other discoverable Internet data. ESI includes native file formats without alteration of deletion of any associated information like metadata.

13. As used herein, the terms "document" and "documents" are used in their broadest sense, and means all tangible items, all ESI, and all communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This definition includes originals, copies,

or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location.

14. As used herein, the term "person" means any natural person or any business, legal, or governmental entity or association.

15. As used herein, the term "including" means "including, but not limited to."

16. Any reference to a corporation, partnership, or other business entity herein, including without limitation Plaintiff or Defendant, includes its divisions, departments and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates, its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents, and all other persons acting or purporting to act on behalf of the entity its subsidiaries, officers, predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

17. "You" or "your" means, The Founders Fund V Entrepreneurs Fund, LP, and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

18. Unless otherwise indicated, the timeframe for each request is January 1, 2015 through the present.

## TOPICS

1. Funding, monetary transfers and/or other financial transactions made by you to GM or EJ.

2. The identity of entities that have any ownership interest in EJ and/or GM, and the amounts of such interests.

3. Communications between you and GM and/or EJ concerning ABEC.

4. Communications between you and any of the corporate officers of EJ, including but not limited to, Josh Tetrick, Gabrielle Grinberg and Brandy Green.

5. The amount of secured debt of EJ and/or GM.

6. The nature of any assets owned by EJ and/or GM, including intellectual property rights.

7. The nature of your total investment and/or your ownership interest in EJ and/or GM, including the timelines with respect to such ownership and/or investment.

8. Any corporate valuation analysis (including drafts) as to defendant EJ and/or defendant GM, including any proposed liquidation analysis.

9. The corporate practices, including employment practices, of defendant GM.

10. Communications between you and GM and/or EJ related to the Litigation.

11. Communications between you and GM and/or EJ related to the Amended Complaint.

12. Communications between you and GM and/or EJ related to the Counterclaims.

13. Contracts and/or agreements entered into between you and GM.

14. Contracts and/or agreements entered into between you and EJ.

15. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued by you to GM.

16. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued to you by GM.

17. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued by you to EJ.

18. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued to you by EJ.

19. The identification of each and every person with knowledge of the facts alleged in the Amended Complaint.

20. The identification of each and every person with knowledge of the facts alleged in the Counterclaims.

# SCHEDULE A

## Tab 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ABEC, INC.

Plaintiff, Civil Action No. 5:23-cv-01091

v.

EAT JUST, INC.

And

GOOD MEAT, INC.

Defendants.

AMENDED COMPLAINT

Plaintiff ABEC, Inc. ("ABEC") by its amended complaint against defendants Eat Just, Inc. and Good Meat, Inc. avers as follows:

I. INTRODUCTION

1. ABEC has been an innovator in the biopharmaceutical manufacturing industry for almost 50 years, having developed the first production-scale bioreactors in the 1970s, the first bioreactors larger than 10,000 liters (L) in the 1990s, and the first large-scale single-use bioreactors in the 2010s.

2. ABEC is recognized as the world's leading large scale cell culture development company, and in the past five years provided that expertise to advance bioreactor technology to the scales necessary to support the commercial viability of cultured meat — that is, meat developed in a sterile laboratory environment that is comparable to farm raised animal meat.



3. ABEC has engineered, designed, and established the manufacturing capability for cell culture bioreactors of up to 250,000L that would provide the economy of scale to allow for the affordable production of cultured meat, which in this case is derived from chicken cells.

4. Although ABEC has delivered on all of its commitments to defendants, including the construction of [illegible] bioreactors and support equipment for facilities in the USA and Singapore, defendants have failed to live up to their financial obligations, including failing to make payment of more than $50 million in invoices, and defendants [illegible] due.

5. Based upon the defendants' repeated failures and broken promises, ABEC was left with no choice but to terminate the large-scale bioreactor development and manufacturing agreement and associated purchase orders with defendants and to seek to recover its damages from defendants in this Court.

II. THE PARTIES

6. Plaintiff ABEC, Inc. is a Pennsylvania corporation with an address of 3998 Schelden Circle, Bethlehem, Pennsylvania 18017.

7. Defendant Eat Just, Inc. ("EJ") is a Delaware corporation with a business address of 500 Wind River Way, Alameda, CA 94501.

8. Defendant GOOD Meat, Inc. ("GM") is a Delaware corporation with a business address of 500 Wind River Way, Alameda, CA 94501.

III. JURISDICTION AND VENUE

9. Jurisdiction is proper in this Court because the amount in controversy exceeds $75,000.00, and the defendants have committed tortious acts, as set forth below, in this jurisdiction.

10. Venue is proper in this Court because the causes of action arose in Northampton County, work under the contracts was being performed in Northampton County, and as the defendants have conducted business in Northampton County.





11. Defendant Eat Just is subject to this general jurisdiction of this Court in that it has registered to do business in Pennsylvania. See Mallory v. Norfolk Southern Railway Co., 600 U.S. ____ (2023). A copy of the Commonwealth Report containing Eat Just's registration statement is attached hereto as Exhibit A.

12. Defendant Eat Just also sells and distributes food products to and within the Commonwealth of Pennsylvania under trade names of "JUST Mayo" and "JUST Egg".

13. Defendant Eat Just is also subject to the specific jurisdiction of this Court for the business contacts with ABEC in Pennsylvania as detailed at length below.

14. Defendant Good Meat is subject to the jurisdiction of this Court in that at the times set forth below, Good Meat had proprietary cell cultures being grown and tested in Northampton County for a period of almost a year and continuing after the removal of this matter from the Court of Common Pleas to this Court.

15. Under the Bioreactor Development Agreement that is detailed below, all Stage 3 work (X2.8ML) took place in Northampton County, PA and was performed by ABEC for GM less than 20 miles from this Court.

16. Employees of defendant GM, including Stephen Decker and Ann Peterson, visited ABEC's facilities in April 2022 and October 2022 to review and approve the laboratory set up in Northampton County, assist in the transfer of technology, and to inspect and oversee the Stage 3 work being done at ABEC's facility in Northampton County.

17. The photo below is of the ABEC facility in Northampton County that was dedicated to the testing of the GM cell lines for almost 9 months.






18. Defendants received regular testing and progress reports (PRs) with respect to the cell cultures grown in Northampton County, and defendants' employees sent directions for additional testing to be conducted at the ABEC facility in Northampton County.

19. Defendant GM also engaged in regular business with ABEC, solicited ABEC to provide 20+ proposals for work, entered into numerous purchase orders with ABEC to perform work for GM, and directed thousands of communications to ABEC, who was located in Pennsylvania.

IV. FACTUAL BACKGROUND

20. In the last decade there has been an exponential growth of "plant-based meat" products in the global food industry. However, recently this phenomenon has sparked a worldwide rush to develop "cultivated meat" — more precisely, meat developed in a sterile laboratory environment that is comparable to farm raised animal meat.

[illegible]



[illegible]

Stage One – Feasibility

Stage Two – Conceptual Design

Stage Three – Design Validation

Stage Four – Proof of Concept



Stage Five – Full Scale Production Capacity

[illegible]



[illegible]

[illegible]



[illegible]



[illegible]



[illegible]

[illegible]

**COUNT I – Breach of Contract – Pilot Plant Work**

[illegible]



[illegible]

Purchase Order

#187659

TOTAL

$14,724,797.00

[illegible]

$14,724,797.00

Total $14,724,797.00

[illegible]



[illegible]

WHEREFORE, Plaintiff ABEC [illegible]

**COUNT II – Breach of Contract**

[illegible]



[illegible]

WHEREFORE, Plaintiff ABEC [illegible]

[illegible]

[illegible]

**COUNT III – Account Stated (In the Alternative)**

[illegible]

[illegible]

**COUNT IV – (In the Alternative)**

[illegible]

[illegible]

KLEHR HARRISON HARVEY BRANZBURG LLP

By: /s/ Peter Norman

Charles Ercole
Peter J. Norman
Stephanie D. Wolfbranski
1835 Market Street
Philadelphia, PA 19103

[illegible]

**CERTIFICATE OF SERVICE**

[illegible]

# EXHIBIT A



**Pennsylvania Department of State**
Bureau of Corporations and Charitable Organizations
PO Box 8722 | Harrisburg, PA 17105-8722
T:717-787-1057
dos.pa.gov/BusinessCharities

| | | | |
|---|---|---|---|
| **Entity Name:** | EAT JUST, INC. | | |
| **Jurisdiction:** | DELAWARE | **Issuance Date:** | 04/06/2023 |
| **Entity No.:** | 0007305082 | **Receipt No.:** | 000456572 |
| **Entity Type:** | Foreign Business Corporation | **Certificate No.:** | 012942728 |

**Document Listing**

| Image No. | Date Filed | Effective Date | Filing Description | No. of Pages |
|---|---|---|---|---|
| A937321-1 | 06/15/2021 | 06/15/2021 | Initial Filing | 2 |

** **** ****** ******** End of list ******** ****** **** **

I, Albert Schmidt, Acting Secretary of the Commonwealth of Pennsylvania, do hereby certify that the attached document(s) referenced above are true and correct copies and were filed in this office on the date(s) indicated above.

IN TESTIMONY WHEREOF, I have hereunto set my hand and caused the seal of my office to be affixed, the day and year above written

**ALBERT SCHMIDT**
Acting Secretary of the Commonwealth

Verify this certificate online at www.file.dos.pa.gov



Entity# : 7305082
Date Filed : 06/15/2021
Pennsylvania Department of State

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

Document will be returned to the name and address entered below.
Sagent Management
Name
691 S. Milpitas Blvd, Suite 212
Address
Milpitas CA 95035
City State Zip Code

Foreign Registration Statement
DSCB: 15-412
(rev. 2/2017)
412

Read all instructions prior to completing. This form may be submitted online at https://www.corporations.pa.gov/.

Fee: $250.00 ☐ I qualify for a veteran/reservist-owned small business fee exemption (see instructions)

In compliance with the requirements of the applicable provisions of 15 Pa.C.S. § 412 (relating to foreign registration statement), the undersigned foreign association hereby states that:

1. The type of association is (check only one):

☒ Business Corporation ☐ Limited Partnership ☐ Business Trust
☐ Nonprofit Corporation ☐ Limited Liability (General) Partnership ☐ Professional Association
☐ Limited Liability Company ☐ Limited Liability Limited Partnership

2. The full and proper name of the foreign association as registered in its jurisdiction of formation is:
EAT JUST, INC.

2A. *If the name in 2 does not contain a required designator or if the name in 2 is not available for use in the Commonwealth,* the alternate name under which the association is registering in this Commonwealth is:

3. The jurisdiction of formation: DE

4. The street and mailing address of the association's principal office.
2000 FOLSOM ST., SAN FRANCISCO CA 94110
Number and street City State Zip

4A. The street and mailing address of the office, if any, required to be maintained by the law of the association's jurisdiction of formation in that jurisdiction:
1209 ORANGE STREET, WILMINGTON DE 19801
Number and street City State Zip

PENN File: June 14,2021



DSCB:15-412-page2

5. The (a) address of the association's registered office in this Commonwealth or (b) name of its commercial registered office provider and the county of venue is:

*Complete part (a) OR (b) – not both:*

(a) ______
Number and street City State Zip County
OR
(b) c/o: INCORPORATING SERVICES, LTD. Dauphin
Name of Commercial Registered Office Provider County

6. Check one of the following:
☐ The association may not have series.
☒ The association may have one or more series.

7. Effective date of registration of foreign association (check, and if appropriate complete, one of the following):
☒ The Foreign Registration Statement shall be effective upon filing in the Department of State.
☐ The Foreign Registration Statement shall be effective on: ______ at ______
Date (MM/DD/YYYY) Hour (if any)

8. *To be completed by **Limited Liability Companies only**. Check, and if appropriate complete, one of the following:*

☐ The association is a limited liability company which is not organized to render any of the below professional service(s).
☐ The association is a restricted professional limited liability company organized to render one or more of the following professional service(s): (If this box is checked, one or more of the fields below must be checked.)

__ Chiropractic __ Dentistry __ Law __ Medicine and surgery
__ Optometry __ Osteopathic medicine and surgery __ Podiatric medicine __ Public accounting
__ Psychology __ Veterinary medicine

IN TESTIMONY WHEREOF, the undersigned association has caused this Foreign Registration Statement to be signed by a duly authorized representative thereof this 14th day of June, 2021

EAT JUST, INC.
Name of Association
UZI SASSON
Signature
CFO
Title

# EXHIBIT B



JUST

# Purchase Order

#187859

Vendor
ABEC Inc

TOTAL

$14,724,797.00

Proposal No. 2109102A

| Bill To Address | Contact | Net Terms | Ship To Address |
| --- | --- | --- | --- |
| [illegible] | [illegible] | [illegible] | |

Proposal No. 2109102A Bioreactor growth suite for pilot scale plants at Alameda, CA and Singapore

| Name | Amount |
| --- | --- |
| Bioreactor growth suite for pilot scale plants at Alameda, CA and Singapore | [illegible] |

| | |
| --- | --- |
| Tax | |
| Total | [illegible] |

Digitally signed by Adrian Hennessy
DN: cn=Adrian Hennessy, o=ABEC, ou=Applications, email=ahennessy@abec.com, c=IE
Date: 2021.06.21 13:39:33 +01'00'



## PO 187859 Pilot Plants order confirmation

Final Audit Report

| | |
| --- | --- |
| Created: | [illegible] |
| By: | [illegible] |
| Status: | Signed |
| Transaction ID: | [illegible] |

## "PO 187859 Pilot Plants order confirmation" History

- Document digitally presigned by Adrian Hennessy (ahennessy@abec.com)
- Document emailed to Pavan Kambam for signature
- Document e-signed by Pavan Kambam
- Agreement completed.

Adobe Sign



# Exhibit C

CONFIDENTIAL

BIOREACTOR DEVELOPMENT AGREEMENT

[illegible]

RECITALS

[illegible]

1 DEFINITIONS

[illegible]



CONFIDENTIAL

[illegible]



CONFIDENTIAL

[illegible]

2 PROJECT AND STEERING GROUP

[illegible]



CONFIDENTIAL

[illegible]

3 EXCLUSIVITY

[illegible]

4 PAYMENTS

[illegible]

CONFIDENTIAL

5 CONFIDENTIALITY

[illegible]



CONFIDENTIAL

[illegible]

6 INTELLECTUAL PROPERTY

[illegible]



CONFIDENTIAL

[illegible]

7 REPRESENTATIONS AND WARRANTIES

[illegible]



CONFIDENTIAL

[illegible]

8 INDEMNIFICATION

[illegible]

9 TERM AND TERMINATION

[illegible]

CONFIDENTIAL

[illegible]

[illegible]

10. MISCELLANEOUS

[illegible]

10.2 [illegible]

[illegible]

| | |
|---|---|
| [illegible] | [illegible] |
| GOOD Meat, Inc. | ABEC, Inc. |
| [illegible] | [illegible] |

[illegible]





CONFIDENTIAL

[illegible]

[illegible]

[illegible]

[illegible]

[SIGNATURE PAGE FOLLOWS]





CONFIDENTIAL

IN WITNESS WHEREOF, the Parties have executed this Agreement [illegible]

"GM" "ABEC"

**GOOD Meat, Inc.**

By: [signature]
Name: [illegible]
Title: CEO
Date: [illegible]

**ABEC, Inc.**

By: [signature]
Name: Scott Pickering
Title: CEO
Date: 8/10/2021

[illegible]



**Appendix 1**

**Statement of Work**

[illegible]

[illegible]

[illegible]

- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]
- [illegible]

[illegible]

- Stage 1 [illegible]
- Stage 2 [illegible]
- Stage 3 [illegible]
- Stage 4 [illegible]
- Stage 5 [illegible]

[illegible]

[illegible]



[illegible]



[illegible]





[illegible]

PAYMENT SCHEDULE

*Payment Schedule for cash portion of consideration:*

[illegible]

*Payment Schedule for equity portion of consideration:*

[illegible]

[illegible]

[illegible]

GM will furnish the following reports to ABEC:

[illegible]

[illegible]

2. [illegible]

3. [illegible]

4. [illegible]

[SIGNATURE PAGE FOLLOWS]



IN WITNESS WHEREOF, the Parties have caused this Statement of Work to be signed in duplicate originals by their duly authorized officer or representative as of the SOW Effective Date.

| "GM" | "ABEC" |
|---|---|
| GOOD Meat, Inc. | ABEC, Inc. |
| By: [signature] | By: [signature] |
| Name: [illegible] | Name: Scott Pickering |
| Title: CEO | Title: CEO |
| Date: [illegible] | Date: 8/10/2021 |

[illegible]



# Exhibit D



**Expansion and Upgrade Costs**

| | | | |
|---|---|---|---|
| **North Carolina** | | | |
| Building Purchase | | 2,450,000 | |
| Building design, engineering, fit-out | | 1,900,000 | |
| Equipment | | 3,445,000 | |
| | **Total NC** | | 7,790,000 |
| **Springfield Upgrades** | | | |
| Building renovation | | 801,909 | |
| Overhead doors | | 191,615 | |
| Parking lots | | 151,700 | |
| Vessel Mfg/Welding Equipment | | 1,032,211 | |
| Manipulators - Vessel Rolls | | 2,731,915 | |
| Cranes | | 1,091,615 | |
| | **Total Springfield** | | 7,998,445 |
| | | | 15,786,445 |

# Exhibit E



Execution version

AMENDMENTS TO PURCHASE ORDERS AND [illegible] DEVELOPMENT AGREEMENT

AMENDMENTS TO PURCHASE ORDERS AND [illegible] FOR DEVELOPMENT [illegible] (this "Amendment"), dated as of February [illegible], 2023 is by and between [illegible] Meat, Inc., a Delaware corporation ("GM"), and ABEC, Inc., a Pennsylvania corporation ("ABEC").

RECITALS

WHEREAS, on August [illegible], 2021, GM and ABEC entered into that certain [illegible] Development Agreement (the "Original Agreement", and the Original Agreement as amended hereby, the "Agreement") relating to the development and manufacture of bioreactors for the purposes of cultivating meat;

WHEREAS, in connection with the Original Agreement, ABEC has performed services and is due payment from GM under the following invoices (copies of which are set forth hereto as Exhibit A): Invoice Nos. 24596, 24609, [illegible], 24654 and [illegible] (collectively, the "Past-Due Invoices");

WHEREAS, also in connection with the Original Agreement, ABEC has performed services and is due payment from GM under the following invoices (copies of which are set forth hereto as Exhibit B): Invoice Nos. [illegible], 24768, 24769, [illegible] and 24800 (collectively, the "Recent Past-Due Invoices");

WHEREAS, ABEC has also performed services under the following invoices in which payment shall be due and payable by GM to ABEC after the date hereof (copies of which are attached hereto as Exhibit C): Invoice Nos. 24817, [illegible] and [illegible] (collectively, the "Current Invoices");

WHEREAS, GM has advised ABEC that GM desires to modify the scope and [illegible] of the Purchase Orders and the Original Agreement; and

WHEREAS, ABEC and GM have agreed to amend and modify certain of the terms and conditions of the Purchase Orders and the Original Agreement as described below.

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereto agree as follows:

1. Open Invoices.

(a) GM acknowledges, agrees and confirms that as of the date hereof, the aggregate amount of $35,111,159.80 (the "Past-Due Amount") is currently due and payable under the terms of the Past-Due Invoices without defense, counterclaim or offset of any kind. GM ratifies and reaffirms the validity, enforceability and binding nature of its obligation to pay the Past-Due Amount in full. GM covenants and agrees that it shall make full payment to ABEC on the Past-Due Invoices as follows:

[illegible]



| Payment Date: | Payment Amount: |
|---|---|
| February 5, 2023 | $2,[illegible] |
| March [illegible], 2023 | $16,500,000.00 |
| April [illegible], 2023 | $16,500,000.00 |
| Total: | $35,111,159.80 |

Such payments shall be applied to the Past-Due Invoices based on the date of the invoices, from oldest date to newest date (i.e., the February 5, 2023 payment shall be applied to invoice 24596 first, with the balance applied to invoice 24612, etc.).

Notwithstanding the foregoing, in the event that GM closes on a loan financing transaction at any time on or before March 31, 2023 that provides for available loan proceeds to GM in the principal amount of at least $[illegible], GM shall pay the then outstanding amount of the Past-Due Invoices in full within ten (10) business days of the closing of such loan financing transaction.

(b) GM acknowledges, agrees and confirms that as of the date hereof, the aggregate amount of $2,694,352.60 (the "Recent Past-Due Amount") is currently due and payable under the terms of the Recent Past-Due Invoices without defense, counterclaim or offset of any kind. GM ratifies and reaffirms the validity, enforceability and binding nature of its obligation to pay the Recent Past-Due Amount in full. GM covenants and agrees that it shall make full payment to ABEC of the Recent Past-Due Amount with respect to the Recent Past-Due Invoices on or before February 5, 2023.

(c) GM acknowledges, agrees and confirms that as of the date hereof, the Current Invoices are outstanding but not yet due and payable. GM hereby acknowledges, agrees and confirms that the Current Invoices are [illegible], proper and correct, and [illegible] payable by GM on the specified payment dates therein without defense, counterclaim or offset of any kind. GM ratifies and reaffirms the validity, enforceability and binding nature of its obligation to pay the Current Invoices in full. GM shall promptly pay the Current Invoices on their stated payment dates.

(d) In the event that GM fails to timely make any of the payments [illegible] with respect to the Past-Due Invoices on the specified payment dates set forth in the chart in Section 1(a) above, [illegible] with respect to the Recent Past-Due Invoices on or before February 5, 2023, and with respect to the Current Invoices (as defined in the [illegible] "Whereas" paragraph in the recitals above) on the stated payment dates therefor plus a three day grace period, and [illegible] with respect to any future invoices on the stated payment dates therefor plus a three day grace period, (x) all amounts with respect to the Past-Due Invoices, the Recent Past-Due Invoices, the Current Invoices and any other then outstanding invoices shall automatically be immediately due and payable without any further action by any party, (y) notwithstanding the terms of Section [illegible] of the Agreement, ABEC may immediately terminate the Agreement [illegible] without the need of providing a thirty (30) days' prior notice of termination, and (z) ABEC may pursue any and all rights and remedies against GM, at law or in equity, with respect to the Past-Due Invoices, the Recent Past-Due Invoices, the Current Invoices, any then outstanding invoices and the Agreement.



[illegible]



2. Extension of Delivery Dates.

(a) GM consents, agrees and acknowledges that the delivery dates under the following Purchase Orders shall be extended by twelve (12) months from the current delivery dates set forth on Schedule [illegible] attached hereto: Purchase Order Nos. [illegible], 191507, 191509, 191749, 194918, [illegible] (each a "[illegible]"). The parties agree that the delivery dates for the [illegible] POs may be further adjusted as determined in good faith and agreed to by the respective project teams. The delivery dates are subject to further adjustment to the extent that there are any additional changes or modifications by GM after the date of order acceptance.

(b) GM consents, agrees and acknowledges as follows:

(i) With respect to Purchase Order 191507 [illegible], the stated milestones are hereby adjusted from [illegible] vessel complete plus [illegible] months to vessel complete plus [illegible] months, and [illegible] from vessel complete plus eight (8) months to vessel complete plus four (4) months; and

(ii) With respect to Purchase Orders 191509 and 191749 [illegible], the stated milestones are hereby adjusted from (x) vessel complete plus four (4) months to vessel head and shell materials arrival plus eight (8) months, and (y) from vessel complete plus eight (8) months to vessel head and shell materials arrival plus [illegible] months.

3. Confirmation of Repricing of Purchase Orders. In recognition of this change in [illegible] scope of work and the resulting impact to ABEC, GM and ABEC agree to an increase in the amount of the pricing of the following Purchase Orders as of the date of this Agreement as set forth below.

| Purchase Order No. | Current Price | Supplemental #1 Cost Impact Price Increase | Supplemental #2 Cost Impact Price Increase | Supplemental #3 Cost Impact Price Increase: |
|---|---|---|---|---|
| 87690 | $15,[illegible],182 | $2,347,564 | $2,[illegible],661 | $2,717,564 |
| 191507 | $43,192,159 | $2,[illegible] | $3,18[illegible] | $2,181,[illegible] |
| 191509 | $50,330,713 | $2,5[illegible] | $2,5[illegible] | $2,5[illegible] |
| 191749 | $49,328,[illegible] | $2,486,406 | $2,306,[illegible] | $3,486,406 |
| 194918 | $86,465,750 | $4,8[illegible] | $4,824,518 | $4,874,5[illegible] |
| [illegible] | $[illegible] | $157,562 | $157,562 | $157,562 |



[illegible]

Each of the above Purchase Orders will be [illegible] by updated Purchase Orders issued by GM with the revised prices set forth above (the "Updated POs") as follows: (i) Updated PO that shall include an amount equal to the "Supplemental [illegible] Cost Impact Price Increase" set forth in the chart above shall be issued by GM within ten (10) business days of the date of this Agreement; (ii) Updated POs that shall include an amount equal to the "Supplemental [illegible] Cost Impact Price Increase" set forth in the chart above shall be issued by GM on July [illegible], 2023 if GM fails to place in excess of $200m [illegible] the aggregate of accepted orders with ABEC on or before June 30, 2023; and (iii) Updated PO that shall include an amount equal to the "Supplemental [illegible] Cost Impact Price Increase" set forth in the chart above shall be issued by GM on October [illegible], 2023 if GM fails to place in excess of $200m [illegible] the aggregate of accepted orders with ABEC on or before September 30, 2023.

ABEC will send "catch-up" invoices [illegible] of the Updated POs as issued pursuant to clause [illegible] above in amounts equal to (x) the percentage of completion as of such date multiplied by (y) the "Amount of Increase" on such Updated POs in the chart above (the "Catch-up Invoices"). ABEC and GM agree that the Catch-up Invoices will be due and payable by GM on May 1, 2023.

4. Amendments. The Original Agreement is hereby amended as follows:

(a) Section 3 (Exclusivity). Section 3 ("Exclusivity") of the Original Agreement is hereby amended by adding the following sentence at the end thereof: "In addition, and notwithstanding anything to the contrary contained herein, at ABEC's election (acting in its sole discretion), the exclusivity provisions in this Section 3 shall immediately and automatically terminate and be of no further force or effect in the event that (x) this Agreement is terminated by ABEC in accordance with Section 9.3 below and/or Section [illegible] of that certain Amendments to Purchase Orders and Bioreactor Development Agreement, dated as of January 21, 2023, by and between ABEC and GM or (y) [illegible] or more of total production capacity (taking into account all previous orders by GM) is not ordered by GM and accepted by ABEC on or before September 30, 2023."

(b) Section 9.5. Section 9.5 of the Original Agreement is hereby amended and restated in full as follows: "9.5 [Intentionally deleted]."

(c) Appendix 1 (Statement of Work). Appendix 1 ("Statement of Work") of the Original Agreement is hereby amended as follows:

(i) On page 1-1 of Appendix 1, the bullet point descriptions of Stage 4 and Stage 5 are hereby amended and restated in full as follows:

• Stage 4 – (timing as set forth in purchase orders): Construct and test first [illegible] Bioreactor. Cost Sharing for Stage 5.

• Stage 5 – Full Scale Production Capacity (timing as set forth in purchase orders): Construct, install and commission [illegible] of [illegible] capacity (inclusive of seed train bioreactors)."

5. GM Financial Statements. In accordance with item [illegible] on page 1-6 of Appendix 1, GM was obligated to provide ABEC with GM's audited financial statements for the year ending







December 31, 2021 (the "GM 2021 FY Financials") on or before March 1, 2022. Further, in accordance with item 1(b) on page 1-6 of Appendix 1, GM was obligated to provide ABEC with GM's unaudited quarterly financial statements for the fiscal quarters ending September 30, 2021, March 31, 2022, June 30, 2022 and September 30, 2022 within forty-five (45) days after the end of the applicable quarterly period (collectively, the "Historical Quarterly Statements"). GM shall provide ABEC with the GM 2021 FY Financials on or before February 28, 2023. GM shall provide ABEC with the Historical Quarterly Statements on or before February 28, 2023. GM shall timely deliver to ABEC (i) all future GM audited annual financial statements in accordance with item 1(a) on page 1-6 of Appendix 1 and (ii) all future [illegible] unaudited quarterly financial statements in accordance with item 1(b) page 1-6 of Appendix 1.

5. Miscellaneous.

(a) This Amendment may be executed in multiple copies, each of which shall for all purposes constitute an agreement, binding on the parties, and each party hereby covenants and agrees to execute all duplicates or replacement counterparts of this Amendment as may be required.

(b) This Amendment shall be governed by the substantive laws of the State of Delaware without reference to any conflicts of laws provisions. The United Nations Convention on Contracts for the International Sale of Goods shall not apply.

(c) To the extent that there are any conflicts between the terms and provisions of any ABEC Purchase Order (as amended by this Amendment) and the Agreement, the terms and provisions of the ABEC Purchase Order (as amended by this Amendment) shall control.

(d) Except as modified hereby, the Original Agreement remains in full force and effect and subject to all terms and conditions thereof, which are hereby ratified and confirmed in all respects.

*[Signature Page Follows]*







IN WITNESS WHEREOF, the parties have executed this AMENDMENTS TO PURCHASE ORDERS AND BIOREACTOR DEVELOPMENT AGREEMENT as of the date set forth above.

GOOD MEAT, Inc.

By: ______________________
Name: Josh Tetrick
Title: CEO

ABEC, Inc.

By: ______________________
Name: Scott Pickering
Title: CEO





Exhibit A

Past Due Invoices

See attached

[illegible]



ABEC, Inc.
[illegible]

Tax: 23-1988546

Credit Memo: 24755-A
Page: 1
Date: 12/20/2022
Currency: USD

48476

BILL TO: [illegible]
Tax ID:

SHIP TO: [illegible]

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| PJBS013280 | 191509 | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| 1 | | Crediting sales tax on invoice # 24612 | -599,705.08 |

Remit To:
ABEC, Inc.
[illegible]
The Provident Bank
[illegible]

| | |
|---|---|
| Sales Amount | |
| Sales Tax | [illegible] |
| Total | [illegible] |



ABEC, Inc.
[illegible]

Tax: [illegible]

Credit Memo: 24756-A
Page: 1
Date: 12/29/2022
Currency: USD

48476

BILL TO: [illegible]
Tax ID:

SHIP TO: [illegible]

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| PJBS013300 | 191507 | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| 1 | | Crediting sales tax on invoice # 24688 | -701,038.36 |

Remit To:
ABEC, Inc.
[illegible]
The Provident Bank
[illegible]

| | |
|---|---|
| Sales Amount | |
| Sales Tax | -701,038.36 |
| Total | -701,038.36 |



ABEC, Inc.
[illegible]

Tax: [illegible]

Credit Memo: 24757-A
Page: 1
Date: 12/09/2022
Currency: USD

48476

BILL TO: [illegible]
Tax ID:

SHIP TO: [illegible]

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| 1 | | Crediting sales tax on invoice #24608 | -1,336,444.03 |

Remit To:
ABEC, Inc.
[illegible]
The Provident Bank
[illegible]

| | |
|---|---|
| Sales Amount | |
| Sales Tax | [illegible] |
| Total | [illegible] |

ABEC, Inc.
[illegible] Schoeneck Circle
Bethlehem PA 18017
[illegible]

Tax [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] Wind River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

[illegible] Milestone Completion Progress
[illegible]
[illegible] Media Prep
[illegible] Media Prep
[illegible] Media Prep
[illegible]
[illegible]

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTR [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice: | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC, Inc.
[illegible] Schoeneck Circle
Bethlehem PA [illegible]

The Provident Bank
Account [illegible]
Routing # [illegible]

| | |
|---|---|
| Sales Amount | 8,127,981.00 |
| Sales Tax | 701,038.36 |
| Total | 8,829,019.36 |



ABEC, Inc.
[illegible] Schoeneck Circle
Bethlehem PA [illegible]
610 861 4666

Tax [illegible]

Invoice Number: [illegible]
Page: 2
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] Wind River Way
Alameda CA [illegible]
United States of America

Tax ID

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|



ABEC, Inc.
[illegible]
Bethlehem PA [illegible]
[illegible]

[illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] Wind River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|

[illegible]

| Milestone | Description | Extended Price |
|---|---|---|
| 25% Upon vessel completion | [illegible] Milestone Completion Progress [illegible] Bioreactors [illegible] Bioreactors | [illegible] |

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTR [illegible] [illegible]

| Milestone | Description | Extended Price |
|---|---|---|
| 25% Upon vessel completion | [illegible] Milestone Completion Progress [illegible] Bioreactors [illegible] | [illegible] |

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTR [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC, Inc.
[illegible] Schoeneck Circle
Bethlehem PA [illegible]

The Provident Bank
Account [illegible]
Routing # [illegible]

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |



ABEC, Inc.
[illegible] Schoeneck Circle
Bethlehem PA [illegible]
[illegible]

Tax [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] Wind River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
[illegible] Wind River Way
Alameda CA 94501
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTRI [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice: | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC, Inc.
[illegible] Schoeneck Circle
Bethlehem PA [illegible]

The Provident Bank
Account [illegible]
Routing # [illegible]

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |

ABEC, Inc.
[illegible]
Bethlehem, PA [illegible]
[illegible]

Tax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

[illegible]
Bill To: Good Meat
[illegible]
Alameda CA [illegible]
United States of America
Tax ID

Ship To: Good Meat
[illegible]
Alameda CA [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible] ALAMEDA [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC, Inc.
3998 Schelden Circle
Bethlehem, PA [illegible]

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # [illegible]

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |



ABEC, Inc.
3998 Schelden Circle
Bethlehem, PA [illegible]
[illegible]

Tax [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]
B Good Meat
[illegible]
[illegible]
United States of America

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible] SAN FRANCISCO [illegible] [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC, Inc.
[illegible]
Bethlehem, PA [illegible]

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # [illegible]

| | |
|---|---|
| Sales Amount | 840,000.00 |
| Sales Tax | 72,450.00 |
| Total | 912,450.00 |



**Exhibit B**

**Recent Past-Due Invoices**

See attached.



**Good Meat - Recent Past Due Invoices**

**Exhibit B**

| Customer | Inv. Num | Applied To | Order # | Inv. Date | [illegible] | Due Date | Payment Status | [illegible] | [illegible] |
|---|---|---|---|---|---|---|---|---|---|
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| | | | | | | | Total Overdue | | [illegible] |

[illegible]

ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

45416

BILL TO
Good Meat
[illegible] River Way
Alameda CA 94501
United States of America

Tax ID

SHIP TO
Good Meat
[illegible] River Way
Alameda CA 94501
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Ref | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code: [illegible] [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS33

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | 0.00 |
| Total | [illegible] |



ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

45416

BILL TO
Good Meat
[illegible] River Way
Alameda CA 94501
United States of America

Tax ID

SHIP TO
Good Meat
4000 [illegible] Road
Apex NC 27502
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Ref | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible]

| | | | |
|---|---|---|---|
| 2 | 010 | [illegible] | [illegible] |

[illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS33

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |



ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

45416

BILL TO
Good Meat
[illegible] River Way
Alameda CA 94501
United States of America

Tax ID

SHIP TO
Good Meat
4000 [illegible]
Apex NC 27502
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Ref | Milestone | Description | Extended Price |
|---|---|---|---|
| | 009 | [illegible] | [illegible] |

Tax Code: [illegible] [illegible] [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date MS Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS33

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | 0.00 |
| Total | [illegible] |



ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

45416

BILL TO
Good Meat
[illegible] River Way
Alameda CA 94501
United States of America

Tax ID

SHIP TO
Good Meat
4000 [illegible] Road
Apex NC 27502
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Ref | Milestone | Description | Extended Price |
|---|---|---|---|
| | 015 | [illegible] | [illegible] |

Tax Code [illegible]

| | | | |
|---|---|---|---|
| | 016 | [illegible] | [illegible] |

Tax Code [illegible]

Project Invoice Summary

| | |
|---|---|
| Milestones On Current Invoice | 368,062.00 |
| Milestones Previously Invoiced | 17,339,692.80 |
| Project To Date MS Invoiced | 17,707,754.80 |
| Net Invoice Amount | 368,062.00 |

Remit To
ABEC Inc
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS33

| | |
|---|---|
| Sales Amount | 368,062.00 |
| Sales Tax | 0.00 |
| Total | 368,062.00 |

ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax: [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
4000 Friendship Road
Apex NC [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |

Project Invoice Summary:

| | |
|---|---|
| Milestones On Current Invoice: | [illegible] |
| Milestones Previously Invoiced: | [illegible] |
| Project To Date M/S Invoiced: | [illegible] |
| Net Invoice Amount: | [illegible] |

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |

Remit To:
ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS31



ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax: [illegible]

Invoice Number: [illegible]
Page: 2
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
4000 Friendship Road
Apex NC [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|



ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax: [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
4000 Friendship Road
Apex NC [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |

Project Invoice Summary:

| | |
|---|---|
| Milestones On Current Invoice: | [illegible] |
| Milestones Previously Invoiced: | [illegible] |
| Project To Date M/S Invoiced: | [illegible] |
| Net Invoice Amount: | 80,186.00 |

| | |
|---|---|
| Sales Amount | 80,186.00 |
| Sales Tax | 0.00 |
| Total | 80,186.00 |

Remit To:
ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS31



ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017
610 861 4666

Fax: [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

[illegible]

Good Meat
[illegible] River Way
Alameda CA [illegible]
United States of America

Tax ID:

Good Meat
4000 Friendship Road
Apex NC [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |
| | [illegible] | [illegible] | [illegible] |
| Tax Code: | | [illegible] | |

Project Invoice Summary:

| | |
|---|---|
| Milestones On Current Invoice: | [illegible] |
| Milestones Previously Invoiced: | [illegible] |
| Project To Date M/S Invoiced: | [illegible] |
| Net Invoice Amount: | [illegible] |

| | |
|---|---|
| Sales Amount | 1,184,485.20 |
| Sales Tax | 0.00 |
| Total | 1,184,485.20 |

Remit To:
ABEC Inc.
3998 Schelden Circle
Bethlehem PA 18017

The Provident Bank
Account # [illegible]
Routing # [illegible] Swift Code # PRNDUS31

**Exhibit C**

**Current Invoices**

See attached

[illegible]



**Good Meat - Current Invoices**

Exhibit C

| Customer | Inv Num | Project ID Num | Cust PO | Inv Date | Terms Code | Due Date | Payment Status | Net Days Late | Amt Due |
|---|---|---|---|---|---|---|---|---|---|
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| Good Meat | [illegible] | [illegible] | [illegible] | [illegible] | | [illegible] | Unpaid | | [illegible] |
| | | | | | | | Total Current | | [illegible] |



ABEC, Inc.
3998 Schelden Circle
Bethlehem, PA 18017
610-861-4666

Fax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

Good Meat
[illegible]
United States of America

Tax ID

Good Meat
[illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | Net 30 Days |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | | [illegible] | [illegible] |
| | 30% [illegible] | | |
| | | [illegible] | |
| | | [illegible] | |

Tax Code [illegible]

Project Invoice Summary:
Milestones On Current Invoice: [illegible]
Milestones Previously Invoiced: [illegible]
Project To Date M/S Invoiced: [illegible]
Net Invoice Amount: [illegible]

Remit To:
ABEC, Inc.
3998 Schelden Circle
Bethlehem, PA 18017

The Provident Bank
Account # [illegible]
[illegible]

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | 0.00 |
| Total | [illegible] |



ABEC, Inc.
3998 Schelden Circle
Bethlehem, PA 18017
610-861-4666

Fax [illegible]

Invoice Number [illegible]
Page 1
Date [illegible]
Currency USD

Good Meat
[illegible]
United States of America

Tax ID

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| 1 | [illegible] | [illegible] | [illegible] |
| Tax Code [illegible] | SAN FRANCISCO TOURISM IMPROVEMENT DISTR | [illegible] | [illegible] |
| 2 | [illegible] | [illegible] | [illegible] |
| Tax Code [illegible] | SAN FRANCISCO TOURISM IMPROVEMENT DISTR | [illegible] | [illegible] |
| 3 | [illegible] | [illegible] | [illegible] |
| Tax Code [illegible] | SAN FRANCISCO TOURISM IMPROVEMENT DISTR | [illegible] | [illegible] |
| 4 | [illegible] | [illegible] | [illegible] |
| Tax Code [illegible] | SAN FRANCISCO TOURISM IMPROVEMENT DISTR | [illegible] | [illegible] |
| 5 | [illegible] | [illegible] | [illegible] |
| Tax Code [illegible] | SAN FRANCISCO TOURISM IMPROVEMENT DISTR | [illegible] | [illegible] |
| 6 | [illegible] | [illegible] | [illegible] |
| Tax Code [illegible] | SAN FRANCISCO TOURISM IMPROVEMENT DISTR | [illegible] | [illegible] |

ABEC, Inc.
[illegible]
Bethlehem PA [illegible]
[illegible]

Tax [illegible]

Invoice Number: 24817
Page: 2
Date: 1/10/2023
Currency: USD

Good Meat [illegible]
[illegible]
United States of America

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

Tax ID

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTR [illegible] [illegible]

**Project Invoice Summary**

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date M/S Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To:
ABEC, Inc.
[illegible]
Bethlehem, PA [illegible]

The Provident Bank
Account [illegible]
Routing [illegible] Swift Code [illegible]

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |



ABEC, Inc.
[illegible]
Bethlehem PA [illegible]
[illegible]

Tax [illegible]

Invoice Number: [illegible]
Page: 1
Date: [illegible]
Currency: USD

Good Meat
[illegible]
[illegible]
United States of America

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

Tax ID:

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |
| | [illegible] | [illegible] | [illegible] |
| | [illegible] | [illegible] | [illegible] |
| | [illegible] | [illegible] | [illegible] |
| | [illegible] | [illegible] | [illegible] |
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTR [illegible] [illegible]



ABEC, Inc.
3998 Schelden Circle
Bethlehem PA [illegible]
[illegible]

Tax [illegible]

Invoice Number: [illegible]
Page: 2
Date: [illegible]
Currency: USD

Good Meat
[illegible]
[illegible]
United States of America

Good Meat
[illegible]
San Francisco CA [illegible]
United States of America

Tax ID

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| [illegible] | [illegible] | | | | | |

| Line/Rel | Milestone | Description | Extended Price |
|---|---|---|---|
| | [illegible] | [illegible] | [illegible] |

Tax Code [illegible] SAN FRANCISCO TOURISM IMPROVEMENT DISTR [illegible] [illegible]

**Project Invoice Summary**

| | |
|---|---|
| Milestones On Current Invoice | [illegible] |
| Milestones Previously Invoiced | [illegible] |
| Project To Date M/S Invoiced | [illegible] |
| Net Invoice Amount | [illegible] |

Remit To
ABEC, Inc.
3998 Schelden Circle
Bethlehem, PA [illegible]

The Provident Bank
Account [illegible]
Routing [illegible] Swift Code [illegible]

| | |
|---|---|
| Sales Amount | [illegible] |
| Sales Tax | [illegible] |
| Total | [illegible] |



**Schedule 2(a)**

ABEC GOOD Meat Schedule Summary _ Rev6

See attached

[illegible]

Case 5:23-cv-01091-EGS Document 37-5 Filed 08/02/23 Page 37 of 41



Case 5:23-cv-01091-EGS Document 37-5 Filed 08/02/23 Page 38 of 41



Case 5:23-cv-01091-EGS Document 37-5 Filed 08/02/23 Page 39 of 41



Case 5:23-cv-01091-EGS Document 37-5 Filed 08/02/23 Page 40 of 41





# Exhibit F



ABEC, Inc.

Currency: USD

Tax ID:

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| | | | | | | Net 30 Days |

| Line/Rel | Ship Date | Description | |
|---|---|---|---|



ABEC, Inc.

Invoice Number

Page: 2

Date:

Currency: USD

Tax ID:

| Order | Purchase Order | Packages | Prepaid | Weight | Ship Via | Terms |
|---|---|---|---|---|---|---|
| | | | | | | Net 30 Days |

| Line/Rel | Ship Date | Description | Extended Price |
|---|---|---|---|

ABEC Inc. [illegible]

Invoice Number [illegible]

Page 3

Date [illegible]

Currency USD

| Order | Purchase Order | Packages | Freight | Weight | Ship Via | Terms |
| --- | --- | --- | --- | --- | --- | --- |
| [illegible] | [illegible] | | | | | [illegible] Days |

| Line/Rel | Item/Rev | Description | Extended Price |
| --- | --- | --- | --- |
| Tax Code: [illegible] | [illegible] | [illegible] | [illegible] |
| [illegible] | [illegible] | [illegible] | [illegible] |



[illegible]



[illegible]



Project Invoice Summary

[illegible]

Sales Amount [illegible]

Sales Tax [illegible]

# Exhibit G







# Exhibit H





Interest on Eat Just/Good Meat Late Payments

| Invoice Number | Due date | Paid date | Amount Due | Days Late | Interest |
|---|---|---|---|---|---|
| 24818 | 2/9/2023 | 2/13/2023 | (122,945.03) | 4 | (107.79) |
| 24817 | 2/9/2023 | 2/13/2023 | 460,037.74 | 4 | 403.32 |
| 24800 | 1/30/2023 | 2/7/2023 | 66,400.00 | 8 | 116.43 |
| 24773 | 1/29/2023 | 2/7/2023 | 80,677.60 | 9 | 159.14 |
| 24772 | 1/29/2023 | 2/7/2023 | 196,405.40 | 9 | 387.43 |
| 24771 | 1/29/2023 | 2/7/2023 | 80,186.00 | 9 | 158.18 |
| 24769 | 1/29/2023 | 2/7/2023 | 368,062.00 | 9 | 726.04 |
| 24768 | 1/29/2023 | 2/7/2023 | 628,136.40 | 9 | 1,239.06 |
| 24752 | 1/28/2023 | 2/7/2023 | 1,184,485.20 | 10 | 2,596.13 |
| 24431 | 10/14/2022 | 10/31/2022 | 34,643.43 | 17 | 129.08 |
| 24400 | 10/7/2022 | 10/31/2022 | 1,391,129.93 | 24 | 7,317.72 |
| 24374 | 9/29/2022 | 10/31/2022 | 2,318,549.88 | 32 | 16,261.61 |
| 24252 | 8/14/2022 | 10/31/2022 | 1,391,129.92 | 78 | 23,782.60 |
| 24206 | 7/21/2022 | 10/31/2022 | 8,261,088.92 | 102 | 184,686.26 |
| 24133 | 6/26/2022 | 10/31/2022 | 240,730.38 | 127 | 6,700.88 |
| 24116 | 6/16/2022 | 6/21/2022 | 2,229,483.33 | 5 | 2,443.27 |
| 24107 | 6/10/2022 | 6/15/2022 | 4,775,842.16 | 5 | 5,233.80 |
| 24011 | 4/24/2022 | 4/26/2022 | 1,783,586.65 | 2 | 781.85 |
| 24010 | 4/24/2022 | 4/26/2022 | 24,020.25 | 2 | 10.53 |
| 24009 | 4/24/2022 | 4/26/2022 | 616,115.41 | 2 | 270.08 |
| 23754 | 1/21/2022 | 2/3/2022 | 7,500,048.05 | 13 | 21,370.00 |
| 23753 | 1/21/2022 | 2/3/2022 | 9,643,510.79 | 13 | 27,477.40 |
| 23735 | 1/15/2022 | 1/26/2022 | 4,560,372.25 | 11 | 10,994.87 |
| | | | | Total | 313,137.90 |



# Exhibit I



KLEHR HARRISON HARVEY BRANZBURG LLP

Michael P. Rittinger
**Direct Dial**: 215-569-3399
**Email**: MRittinger@klehr.com

March 2, 2023

***Via Federal Express & Email (notices@ju.st)***

GOOD MEAT, INC.
Attn: Legal
2000 Folsom Street
San Francisco, CA 94010

GOOD MEAT, INC.
Attn: Legal
300 Wind River Way
Alameda, CA 94501

**Re: Notice of Default**

Dear Good Meat, Inc. Legal Department:

This firm represents ABEC, Inc. ("ABEC"). Reference is made to that certain Bioreactor Development Agreement, dated as of August 10, 2021, by and between GOOD MEAT, Inc. ("GM") and ABEC (the "Original Agreement"), as amended by that certain Amendments to Purchase Orders and Bioreactor Development Agreement, dated as of February 1, 2023 (the "First Amendment", and together with the Original Agreement, the "Agreement").

This will confirm that GM is in breach of the Agreement for failing to timely pay the following amounts to ABEC (collectively, the "Payment Defaults"):

| Invoice / Agreement § | Amount | Due Date |
|---|---|---|
| Invoice #24845 | $927,366.90 | February 24, 2023 |
| First Amendment §1(a) | $16,500,000.00 | March 1, 2023 |

Further, GM is in default of the Agreement for (x) failing to deliver updated POs to ABEC as required under Section 3 of the First Amendment, and (y) failing to deliver to ABEC copies of GM's 2021 annual financial statements (the "GM 2021 FY Financials") and the GM quarterly financial statements for the fiscal quarters ended September 30, 2021, March 31, 2022, June 30, 2022 and September 30, 2022 (collectively, the "Historical Quarterly Statements"), as required under Section 5 of the First Amendment.







In accordance Section 1(d) of the First Amendment, ABEC is entitled on account of the Payment Defaults to immediately terminate the Agreement and all outstanding purchaser orders. Upon such a termination, Section 3 ("Exclusivity") of the Original Agreement will immediately and automatically terminate and be of no further force or effect.

Notwithstanding such right of ABEC to immediately terminate the Agreement, ABEC hereby grants GM until ***5:00 pm Eastern Time on March 6, 2023*** (i) to cure the Payment Defaults by making payment in full to ABEC of $17,427,366.90 by wire transfer of immediately available funds, (ii) to deliver the GM 2021 FY Financials and the Historical Quarterly Statements to ABEC, and (iii) to issue the required replacement POs to ABEC under Section 3 of the First Amendment.

If GM fails to timely pay the Payment Defaults and cure the other defaults specified above, the Agreement and all purchase orders shall automatically be deemed terminated as of 5:01 pm Eastern Time on March 6, 2023 and ABEC will be entitled to all damages against GM on account of GM's breach of the Agreement and purchase orders.

This letter does not purport to reflect all GM defaults that may have occurred under the Agreement. ABEC reserves any and all rights it may have in connection with any such additional defaults. Furthermore, nothing herein contained is intended as, constitutes, or should be construed as, an election of remedies or a waiver of any of ABEC's rights or remedies.

If you have any questions concerning GM's obligations under the Agreement, you should contact the undersigned or instruct your attorney do so on your behalf.

Very truly yours,

Michael P. Rittinger

MPR:el

cc: Scott Pickering, Chief Executive Officer

TO ATTN: LEGAL
GOOD MEAT, INC.
2000 FOLSOM STREET
SAN FRANCISCO CA 94010

TRK# 7714 5309 2270

FRI - 03 MAR 4:30P
STANDARD OVERNIGHT

XW BWCA

94010
CA-US SFO

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



TO ATTN: LEGAL
GOOD MEAT, INC.
300 WIND RIVER WAY
ALAMEDA CA 94501

TRK# 7714 5316 8451

FRI - 03 MAR 4:30P
STANDARD OVERNIGHT

XW JBSA

94501
CA-US OAK

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

**Warning:** Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.
Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.



# EXHIBIT J



NEXSEER

Presented by:
Donal O'Donoghue
Vice President
Office: 469.310.4828
Email: donal.odonoghue@nexseer.com

| | | |
|---|---|---|
| TO | : | Eat Just, Inc. ("Lessee")<br>2000 Folsom Street<br>San Francisco, CA 94110<br>U.S.A. |
| FROM | : | Nexseer Capital ("Nexseer")<br>2942 Century Place, Suite 800<br>Costa Mesa, CA 92626 |
| RE | : | LETTER OF INTENT |
| DATE | : | November 3, 2022 |

The following Letter of Intent (a) is intended to be confidential and Lessee hereby agrees that it will not review, retransmit, disseminate, or discuss the contents of this Letter of Intent with anyone outside of Lessee's organization other than its auditors, attorneys or other professional third party advisors not actively involved in providing financing for commercial lease or loan transactions without Nexseer's prior written consent and (b) does not constitute an offer or commitment to provide financing and is provided for discussion purposes only.

| | | |
|---|---|---|
| BASIS OF PROPOSAL | : | This Letter of Intent assumes a total Leased Property Cost in the amount of $140,791,506.00 (plus applicable sales/use tax), Leased Property description, configuration, Acceptance Date and terms as provided herein. |
| RELIANCE ON COMMITMENT | : | Lessee agrees to provide Nexseer with a deposit in the amount of one Monthly Lease Payment which will be applied to the transaction ("Deposit"). An initial deposit ("Initial Deposit") in the amount of $100,000.00 ($50,000.00 due now and $50,000.00 due in 30 days) is due at the time of Lessee's acceptance of this Letter of Intent. The remainder of the Deposit is due upon Nexseer approving this transaction and transaction closing. If after 45 days from the receipt by Nexseer of this executed Letter of Intent, Initial Deposit, all documentation, and information required by Nexseer, Lessee terminates this Letter of Intent in writing, Lessee's Initial Deposit less any transaction expenses will be returned. In the event Nexseer provides materially different terms than those of this Letter of Intent, substantially delays or chooses not to consummate this transaction, the Initial Deposit will be returned to Lessee upon Lessee request. Upon execution of the transaction documents, Lessee agrees Nexseer may file Uniform Commercial Code (UCC) Financing Statements to provide notice of Nexseer's interest in the Leased Property. |
| INITIAL DEPOSIT | : | The terms of the Initial Deposit shall be legally binding on the parties. If either party has to enforce their rights pursuant to such terms, the other party will pay for all attorney's fees and any other costs incurred with enforcing such rights. |

| | | |
|---|---|---|
| FINANCIAL INFORMATION | : | Lessee will provide financial information, internal financial statements and other business and financial information reasonably required by Nexseer. |
| DOCUMENTATION | : | Lease documentation will be Nexseer's standard Lease Agreement and Lease Schedule generally reflecting the terms and conditions of this Letter of Intent and to be commercially reasonable and mutually agreeable to Lessee and Nexseer. |
| INDEX RATE | : | Lease rates quoted may be adjusted in direct relation to any increase in the equally maturing swap rate and then fixed for the term of the lease at commencement. The rate to be used for comparison and adjustment purposes shall be 2.75%. |
| PROGRESS FUNDING FACILITY | : | Nexseer may provide a facility to reimburse Lessee for any deposits made and at Lessee's election make deposit and progress payments up to 18 months. |
| LESSEE | : | Eat Just, Inc. |
| LESSOR | : | Nexseer Capital |
| EQUIPMENT | : | Nexseer's collateral to include items contained in purchase orders provided by Lessee. Purchase Orders: 187860*, 190258, 191481, 191507, 191509, , , 193838, 187142, 192715, 192249, 192279, 192549, 192577, 189291, 192686, 194118, 192686, 192715, 193280, 193871, 193972, 193595, 189291, 192549, 189762, 189291, 188456, 193237, , 187859, 189982, and 192288."<br>*Purchase Order #18760 has five seed train units. Only three will be used as collateral equipment for Nexseer Capital. |
| EQUIPMENT COST | : | Up to $140,791,506.00 |

ABEC & GM POs

Alameda Plant is solely GM plant

| | |
|---|---|
| INITIAL BASE LEASE TERM | 36 Months |
| EQUIPMENT LOCATION | U.S.A. |
| EQUIPMENT | Nexseer's collateral to include items contained in (30) purchase orders provided by Lessee. Purchase Orders: 187860, 190258, 191481, 191507, 191509, , 193838, 187142, 192715, 192249, 192279, 192549, 192577, 189291, 192686, 194118, 192686, 192715, 193280, 193871, 193972, 193595, 189291, 192549, 189762, 189291, 188456, 193237, , 187859, 189982, and 192288." |
| MONTHLY LEASE RATE FACTOR | 0.0300868 |
| EQUIPMENT COST | ($140,791,506.00 x 75%) = $105,593,630.00 |
| ADDITIONAL COLLATERAL | Nexseer to take a lien on all used equipment at the Alameda pilot facility as additional collateral. |
| ADVANCE | Advance 75% of Original Equipment Cost. |
| EARLY BUYOUT OPTION | Month 30 = 32% of the Original Leased Property Cost |
| MONTHLY LEASE PAYMENT | $3,176974.43 |
| | (Based on an equipment cost of $140,791,506.00 or Lease amount of $105,593,630.00) |



| | |
|---|---|
| END OF TERM OPTIONS | Continue leasing or purchase the Leased Property for its then fair market value to not be not less than 15% of the original Leased Property Cost. |

ANTICIPATED LEASED PROPERTY ACCEPTANCE DATE : Nov 2022 – Dec 2023

AGREED TO ON THIS ____________ DAY OF November 7, 2022

LESSEE

Eat Just, Inc.

BY: [signature]

NAME: Josh Tetrick

TITLE: CEO

## SCHEDULE B TO SUBPOENA

## DEFINITIONS

1. "ABEC" or "Plaintiff" means Plaintiff ABEC, Inc., and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

2. "EJ" or "Eat Just" means Defendant Eat Just, Inc., and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

3. "GM" or "Good Meat" means Defendant Good Meat, Inc., and any and all predecessors or successors in interest, employees, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

4. "Litigation" shall mean the civil action initiated by Plaintiff against Defendants, which Defendants removed to the United States District Court for the Eastern District of Pennsylvania, No. 5:23-cv-01091.

5. "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff in the Litigation in August 2023, a copy of which is attached hereto as Schedule A, Tab 1.

6. "Counterclaims" shall mean the Counterclaims filed by Defendants in the Litigation in January 2024.

7. Any capitalized terms not specifically defined herein shall have the same meaning as that set forth in the Amended Complaint.

8. Wherever used, the singular includes the plural, and the plural includes the singular; the masculine includes the feminine, and the feminine includes the masculine; the disjunctive "or"

includes the conjunctive "and," and the conjunctive "and" includes the disjunctive "or"; and each of the functional words "each," "every," "any," and "all" includes each of the other functional words.

9. As used herein, the term "concerning" means regarding, referring to, describing, evidencing, or constituting.

10. As used herein, the term "relate(d)" or "relating" or "referring" means concerning, mentioning, reflecting, pertaining, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, or constituting (in whole or part), as the context makes appropriate.

11. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12. "ESI" shall mean all electronically stored information, including but not limited to computer files, electronic mail, text messages, instant messages, information on social media or other websites (e.g., Facebook, LinkedIn), information stored on "smart" or other Internet-and-text capable cellular phones or tablet devices (e.g., iPad), information stored on USB, "flash" drives, or other portable electronic media, information stored on cloud storage sites, and any other discoverable Internet data. ESI includes native file formats without alteration of deletion of any associated information like metadata.

13. As used herein, the terms "document" and "documents" are used in their broadest sense, and means all tangible items, all ESI, and all communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This definition includes originals, copies,

or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location.

14. As used herein, the term "person" means any natural person or any business, legal, or governmental entity or association.

15. As used herein, the term "including" means "including, but not limited to."

16. Any reference to a corporation, partnership, or other business entity herein, including without limitation Plaintiff or Defendant, includes its divisions, departments and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates, its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents, and all other persons acting or purporting to act on behalf of the entity its subsidiaries, officers, predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

**INSTRUCTIONS**

A. These Document Requests ("Requests") are to be responded to in accordance with the Federal Rules of Civil Procedure, the Local Rules, any Court Orders, and are continuing in nature. You have an affirmative obligation to promptly supplement your response as required by any new or changed information. You must produce all responsive information and documents as soon as they become known or available to you.

B. In responding to these Requests, produce all documents that are available to you, including documents in the possession of your attorneys, investigators, or experts, and not merely documents in your own personal possession. If you or any of your agents, including your attorneys, are aware of the existence of any document within the scope of these Requests that is not within the custody, possession or control of you or your agents, please identify any such document in a written

response to the Request and provide information about who has possession, custody or control over the document.

C. When a Request calls for documents or facts that relate to a claim or contention, produce documents that are inconsistent with as well as those that support such claim or contention.

D. If you object to any part of any Request, you must respond to all parts of that Request to which you do not object, and state the specific bases for your objection to any part to which you do object, describe generally the document or information that is withheld and set forth the facts upon which you rely as the basis for each such objection.

E. In the event that you claim that a Request is overly broad or unduly burdensome, you should respond to that portion of the Request which is unobjectionable and specifically identify the manner in which the Request is allegedly overly broad or burdensome.

F. If you claim that a response, in whole or in part, to any Request or part thereof is privileged or otherwise protected from discovery, you must identify such information by subject matter and state with particularity the nature and basis of its claim of privilege or other reason that the information is protected from discovery.

G. These Requests are deemed continuing in nature and call for prompt supplemental production whenever you receive or discover additional information covered by these Requests. You are hereby notified of and referred to the Federal Rules of Civil Procedure regarding your ongoing duty to promptly supplement your responses to these Requests should you obtain information upon the basis of which you know a prior response was incorrect or incomplete when made, or that a response, thought correct and complete when made, is no longer true and complete.

H. The conjunctions "and" and "or" shall be interpreted conjunctively and shall not be interpreted disjunctively or in any manner that would exclude any information otherwise within the scope of any Document Request.

I. Unless otherwise indicated, the timeframe for each request is January 1, 2020 through the present.

**DOCUMENT REQUESTS**

1. Documents concerning, referring and/or reflecting any funding, investment, monetary transfers and/or other financial transactions made by you to GM or EJ.

2. Documents concerning, referring and/or reflecting any identity of entities that have any ownership interest in EJ and/or GM, and the amounts of such interests.

3. Communications between you and GM and/or EJ concerning, referring and/or relating to ABEC.

4. Communications between you and any of the corporate officers of EJ, including but not limited to, Josh Tetrick, Gabrielle Grinberg and Brandy Green.

5. Documents concerning, referring and/or reflecting the amount of secured debt of EJ and/or GM.

6. Documents concerning, referring and/or reflecting the nature of any assets owned by EJ and/or GM, including intellectual property rights.

7. Documents concerning, referring and/or reflecting the nature of your total investment and/or your ownership interest in EJ and/or GM, including the timelines with respect to such ownership and/or investment.

8. Documents concerning, referring and/or reflecting any corporate valuation analysis (including drafts) as to defendant EJ and/or defendant GM, including any proposed liquidation analysis.

9. Documents concerning, referring and/or reflecting any corporate practices, including employment practices, of defendant GM.

10. Communications between you and GM and/or EJ concerning, referring and/or related to the Litigation.

11. Communications between you and GM and/or EJ concerning, referring and/or related to the Amended Complaint.

12. Communications between you and GM and/or EJ related to the Counterclaims.

13. Contracts and/or agreements entered into between you and GM.

14. Contracts and/or agreements entered into between you and EJ.

15. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued by you to GM.

16. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued to you by GM.

17. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued by you to EJ.

18. All notices, quarterly statements, audits, audit requests, advance payments, sales reports, and/or payments made or issued to you by EJ.

19. All audits or audit requests concerning, related to, or involving any agreements with GM and/or EJ.

20. All communications with any third parties related to GM and/or EJ.

21. All quarterly statements sent to, or received from GM and/or EJ.