IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABEC, INC.<br><br>　　　　　　Plaintiff<br><br>　　　v.<br><br>EAT JUST, INC. AND GOOD MEAT, INC.<br><br>　　　　　　Defendants | NO. 5:23-cv-01091-WB |

**ABEC'S REPLY BRIEF IN FURTHER SUPPORT OF ITS MOTIONS TO COMPEL**

The crux of the Third-Parties' argument is that because they somehow did not agree with the subpoena to produce a deponent to testify and produce documents, they had no obligation to show up for the deposition as compelled by the subpoena. Such a position is entirely unsupported by the applicable rules of civil procedure and case law. When a party is subpoenaed to appear to testify, they are obligated to comply with such order. *See United States v. Bryan*, 339 U.S. 323, 331 (1950) (subpoena "not invitation to a game of hare and hounds, in which the witness must testify only if cornered at the end of the chase").

Indeed, just last week, a federal court berated the Department of Justice for instructing two of its employees not to appear for depositions.[1] District Judge Ana C. Reyes admonished the DOJ for positing an argument that the DOJ itself would never accept: "I think it's quite rich you guys pursue criminal investigations and put people in jail for not showing up" for depositions. "You [the DOJ] are making a bunch of arguments that you would never accept from any other litigant." Judge Reyes specifically called out the nonsensical argument posited by the DOJ that, "if you don't

---

[1] Judge berates DOJ over Republican subpoenas in Hunter Biden probe (nbcnews.com)

10936633.v1

agree with a subpoena, if you believe it's unconstitutional or unlawful, you can unilaterally not show up." ABEC respectfully requests that this Court reach a similar conclusion.

As to the Third-Parties' belated arguments concerning relevance, Plaintiff's counsel not only instructed counsel for the Third-Parties as to the relevance of the information sought, but also included a copy of the Amended Complaint to the subpoena so that such "how do we know if its relevant" arguments would be unavailing. The Amended Complaint itself highlights the alleged undercapitalization of the Defendants, the failure of the Defendants to produce financial information and statements, the wrongful trading on alleged assets by Defendants, and the Defendants failure to comply with corporate formalities, including the mixing of investments and potentially investors by the two Defendants. Additionally, by failing to show up, by not seeking a protective order or to quash the subpoena, it is clear the time for making "relevancy" arguments by the Third-Parties had past. FRCP 45. In this case, Plaintiff is not seeking any remedy of contempt for failure to comply with the subpoenas. *Cf Waste Conversion, Inc. v. Rollins Envirn. Services,* 893 F.2d 605, 610 (3d Cir. 1989). Rather, Plaintiff is only seeking access to the relevant information by means of witness testimony and the production of documents from the Third - Parties.

Accordingly, Plaintiff request that this Court find that the Third-Parties must comply with their obligations to appear for a deposition, pursuant to the subpoena.[2]

---

[2] As to mewl that the motion to compel was served directly upon the deponents, and not some counsel that (i) did not enter their appearance on behalf of their alleged clients in this matter and (ii) were not members of the bar and not licensed to practice in this Court, Plaintiff readily admits that it only sought to serve the motions as required by the Federal Rules of Civil Procedure. No allegation has been made that the service in this case did not comply with the requirements of the Federal Rules of Civil Procedure.

|  |  |
|---|---|
|  | KLEHR HARRISON HARVEY BRANZBURG LLP |
| Dated:  April 10, 2024 | By:    */s/ Peter Norman*<br>Charles A. Ercole<br>Peter J. Norman<br>Stephanie D. Wolbransky<br>1835 Market Street<br>Philadelphia, PA  19103<br>cercole@klehr.com<br>pnorman@klehr.com<br>swolbransky@klehr.com<br>(215) 569-2700<br>*Attorneys for Plaintiff ABEC, Inc.* |

3

10936633.v1

## CERTIFICATE OF SERVICE

I, Peter J. Norman, hereby certify that on April 10, 2024, I caused a true and correct copy of the foregoing document was served via e-filing on all parties of record.

Dated:   April 10, 2024              */s/ Peter J. Norman*
                                    Peter J. Norman

10936633.v1