IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ABEC, INC.,<br>Plaintiff,<br>v.<br>EAT JUST, INC.<br>And<br>GOOD MEAT, INC.<br>Defendants. | Civil Action No.: 5:23-cv-01091 |

**PLAINTIFF, ABEC, INC.'S ANSWER TO DEFENDANTS' COUNTERCLAIMS AND AFFIRMATIVE DEFENSES**

Plaintiff, ABEC Inc. ("ABEC"), by and through its undersigned counsel, hereby responds to Defendants' Counterclaims, dated January 18, 2024 (ECF No. 58) as follows[1]:

**FACTS**

1. Denied.

2. Denied.

3. Admitted. By way of further response, ABEC had no duty to Defendant Good Meat, Inc. ("GM") to make any delivery of property because, among other reasons, GM was in breach of its obligations under the Bioreactor Development Agreement attached as Exhibit C to the Amended Complaint (the "Original Agreement"), the Amendments to the Original Agreement

[1] ABEC denies each and every allegation set forth in the Counterclaims that is not specifically admitted herein.

attached as Exhibit E to the Original Agreement (together with the Original Agreement, the "Amended Agreement"), and the Purchase Orders at issue..

4. Denied.

5. Denied.

6. Denied.

7. Denied.

8. Denied.

9. Admitted.

10. Denied.

11. Denied.

12. Denied.

13. Denied. The allegations in paragraph 13 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

14. Denied. The allegations in paragraph 14 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

15. Denied. The allegations in paragraph 15 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

16. Denied. The allegations in paragraph 16 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

17. Denied. The allegations in paragraph 17 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

18. Denied. The allegations in paragraph 18 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

19. Denied.

20. Denied. The allegations in paragraph 20 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

21. Denied. The allegations in paragraph 21 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

22. Denied. The allegations in paragraph 22 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

23. Denied. The allegations in paragraph 23 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

24. Admitted. By way of further response, the Amended Agreement was accepted and executed by all parties.

25. Denied. The allegations in paragraph 25 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

26. Admitted in part, denied in part. It is admitted only that no document was returned by Monday January 23, 2023. The allegations in paragraph 26 otherwise are denied.

27. Denied. The allegations in paragraph 27 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

28. Denied. By way of further response, GM sent ABEC comments to ABEC's proposed draft amendment on January 30, 2023. ABEC sent the final version to GM on January 31, 2023.

29. Admitted.

30. Admitted in part, denied in part. It is admitted only that as of January 31, 2023, the Amendments were not executed by all parties. The allegations in paragraph 30 otherwise are denied.

31. Denied. The allegations in paragraph 31 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

32. Admitted in part, denied in part. It is admitted only that Josh Tetrick executed the Amendments as CEO on behalf of GOOD Meat. By way of further response, on February 3, 2023, the CEO of GM acknowledged that GM agreed with the payment terms of the Amendments and was sending an executed copy of the Amendments to ABEC:

**From:** Josh Tetrick <josh23@ju.st>
**Sent:** Fri, 3 Feb 2023 08:36:50 -0500 (EST)
**To:** "spickering@abec.com" <spickering@abec.com>
**Subject:** *EXTERNAL* quick update

**WARNING:** This email originated from outside of ABEC. Do not click on links unless you recognize the sender and have confidence that the content is safe. If the content involves a scam or phishing attempt contact IT immediately

Hey Scott. Headed back home from Doha if I'm slower to reply. I am going to move fwd w/payment plan - first going out today. And plan to send back the signed amend on PST Monday.

**Josh Tetrick**
Co-Founder & CEO
(415) 404-2372
visit ju.st

JU
ST

Moreover, GM also made initial payments as required under the terms of the Amendments to ABEC of the "Recent Past Due Amount" of $2,604,352.60 and the "Past Due Amount" of $2,111,159.80.

33. Denied. The allegations in paragraph 33 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.



10973993.v1

34. Denied. The allegations in paragraph 34 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

35. Denied. The allegations in paragraph 35 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

36. Denied. The allegations in paragraph 36 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

37. Denied. The allegations in paragraph 37 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

38. Denied. The allegations in paragraph 38 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

39. Denied. The allegations in paragraph 39 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

40. Denied. The allegations in paragraph 40 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

41. Denied. The allegations in paragraph 41 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

42. Denied. The allegations in paragraph 42 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

43. Denied. The allegations in paragraph 43 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

44. Denied. The allegations in paragraph 44 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

45. Admitted in part, denied in part. It is admitted only that ABEC initiated this litigation in Northampton County. The allegations in paragraph 45 otherwise are denied.

46. Denied. The allegations in paragraph 46 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 46 are denied.

**COUNTERCLAIM I – BREACH OF CONTRACT**

47. ABEC incorporates by reference its responses to Paragraphs 1 through 46, *supra,* as if fully set forth herein. ABEC further incorporates by reference herein the allegations in the Amended Complaint.

48. Admitted in part, denied in part. It is admitted only that ABEC entered into the Bioreactor Agreement attached as Exhibit C to the Amended Complaint. By way of further response, ABEC also entered into the Amendments and certain purchase orders with Defendants.

49. Denied.

50. Denied.

51. Denied. The allegations in paragraph 51 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

52. Denied. The allegations in paragraph 52 contain conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 52 are denied.

53. Denied. By way of further response, GM breached its obligations under the Amended Agreement and the Purchase Orders at issue.

54. Denied. The allegations in paragraph 54 are conclusions of law to which no response is required.

**COUNTERCLAIM II – BREACH OF CONTRACT**

55. ABEC incorporates by reference its responses to Paragraphs 1 through 54 as if fully set forth herein.

56. Admitted in part, denied in part. It is admitted only that ABEC entered into the Bioreactor Agreement attached as Exhibit C to the Amended Complaint. By way of further response, ABEC also entered into the Amendments and certain purchase orders with Defendants.

57. Denied. The allegations in paragraph 57 refer to a writing, the contents of which speak for itself. ABEC denies any characterizations or mischaracterizations thereof.

58. Admitted. By way of further response, Defendants breached the Agreement prior to Stage 5 of the Project, causing ABEC to terminate the Agreement.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

63. Denied. The allegations in paragraph 63 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 63 are denied.

64. Denied. The allegations in paragraph 64 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 64 are denied.

65. Denied. The allegations in paragraph 65 are conclusions of law to which no response is required. To the extent a response is deemed required, the allegations in paragraph 65 are denied.

**COUNTERCLAIM III – CONVERSION**

66. The allegations in Count III of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

67. The allegations in Count III of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

68. The allegations in Count III of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

69. The allegations in Count III of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

70. The allegations in Count III of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

71. The allegations in Count III of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

**COUNTERCLAIM IV – REPLEVIN (*IN REM*)**

72. The allegations in Count IV of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

73. The allegations in Count IV of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

74. The allegations in Count IV of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

75. The allegations in Count IV of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

76. The allegations in Count IV of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

**COUNTERCLAIM V – DECLARATORY JUDGMENT**

77. The allegations in Count V of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

78. The allegations in Count V of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

79. The allegations in Count V of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

80. The allegations in Count V of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

81. The allegations in Count V of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

82. The allegations in Count V of the Counterclaims were dismissed by the Court in its Memorandum and Order dated April 30, 2024 (ECF Nos. 99-100) and no response therefore is required.

WHEREFORE, Plaintiff/Counterclaim Defendant, ABEC Inc., respectfully requests that this Court deny the relief sought by Defendants/Counterclaim Plaintiffs in subparagraphs (a)-(e), or any other relief, and grants judgment in favor of ABEC, Inc.

## AFFIRMATIVE DEFENSES

1. The Counterclaim, in whole or in part, fails to state a claim upon which relief can be granted or for which the damages sought can be rewarded.

2. Defendants' claims are barred, in whole or in part, by the doctrines of unclean hands, unjust enrichment, release, waiver, and/or estoppel.

3. Defendants' claims are barred, in whole or in part, by applicable law, statute, rule and/or regulation.

4. Defendants' claims are barred, in whole or in part, to the extent that any damage they suffered was caused by their own actions or inactions.

5. Defendants' claims are barred, in whole or in part, because Defendants have breached the Amended Agreement.

6. ABEC reserves the right to rely upon any other defense that may become available during proceedings in this case, and hereby reserves the right to amend their Answer to the Counterclaims to assert any such defenses.

Respectfully submitted,

KLEHR HARRISON
HARVEY BRANZBURG LLP

Dated: May 14, 2024

By: */s/ Stephanie D. Wolbransky*

Charles A. Ercole
Catherine V. Wigglesworth
Peter J. Norman
Stephanie D. Wolbransky
1835 Market Street
Philadelphia, PA 19103
cercole@klehr.com
cwigglesworth@klehr.com
pnorman@klehr.com
swolbransky@klehr.com
(215) 569-2700

*Attorneys for Plaintiff ABEC, Inc.*

**CERTIFICATE OF SERVICE**

I, Stephanie D. Wolbransky, hereby certify that I caused a true and correct copy of the foregoing document to be served on all counsel of record via the Court's electronic filing system.

Dated: May 14, 2024

*/s/ Stephanie D. Wolbransky*
Stephanie D. Wolbransky