# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

ABEC, INC.,

Plaintiff,

v.

EAT JUST, INC.

and

GOOD MEAT, INC.,

Defendants.

Civil Action No.: 5-23-cv-01091-WB

**GOOD MEAT INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S FIRST SET OF REQUESTS FOR ADMISSION**

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, GOOD Meat, Inc. ("GOOD Meat"), by and through counsel, responds to Plaintiff's First Set of Requests for Admission (the "Requests") as follows:

**GENERAL RESPONSES AND OBJECTIONS**

1. Defendant objects to each Request, including any definition or instruction therein, to the extent it seeks to impose obligations beyond those imposed by the Federal Rules of Civil Procedure or the Local Rules for the United States District Court for the Eastern District of Pennsylvania.

2. Defendant objects to each Request to the extent it is overbroad, vague, ambiguous, unduly burdensome, duplicative, would require Defendant to speculate as to the nature or scope of

the document sought thereby, or seeks documents or information not relevant to the claims or defenses of any party or reasonably calculated to lead to the discovery of admissible evidence.

3. If Defendant objects to a particular Request, either through the above General Responses and Objections or through a specific objection raised below, but nevertheless proceed to respond to the Request in whole or in part, Defendant does not thereby waive its specific or General Responses and Objections to the Request in question. The following responses to the specific Requests are made subject to, and without waiving, Defendant's General Responses and Objections.

4. Rule 26(e) of the Federal Rules of Civil Procedure and 29 C.F.R. § 18.16 govern the duty of a party to supplement responses to Requests. To the extent that the Requests seek to vary or add to the requirements of Rule 26(e), Defendant objects to the requirements imposed thereby. Defendant reserves the right, however, to supplement or amend their responses should additional information called for by the Requests be discovered.

5. Defendant objects to all of the Requests to the extent that they seek discovery of irrelevant, confidential, and/or personal information concerning individuals not parties to this suit, as well as other confidential information relating to Defendant's businesses and operations.

6. The foregoing General Responses and Objections are incorporated by reference into the following responses to each of the Requests. The following responses are made subject to, and without waiving, the foregoing General Responses and Objections, as well as the specific objections stated below.

## OBJECTIONS TO DEFINITIONS

1. "ABEC" or "Plaintiff" means Plaintiff ABEC, Inc., and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives,

attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

2. "EJ" or "Eat Just" means Defendant Eat Just, Inc., and any and all predecessors, successors, parents, subsidiaries, affiliates, employees, officers, directors, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

**OBJECTION:** GOOD Meat objects to this definition on the grounds that it is overly broad, unduly burdensome, and improperly extends the permissible scope of discovery to the extent it ignores corporate and legal separateness between Eat Just and other entities, persons and third parties, and requests that GOOD Meat provide information on behalf of entities or persons other than itself, including information outside of its possession, custody, or control. GOOD Meat therefore construes this definition to refer to Eat Just only.

3. "GM" or "Good Meat" means Defendant Good Meat, Inc., and any and all predecessors or successors in interest, employees, agents, representatives, attorneys, and all other persons or entities who have acted or purported to have acted on behalf of any of them.

**OBJECTION:** GOOD Meat objects to this definition on the grounds that it is overly broad, unduly burdensome, and improperly extends the permissible scope of discovery to the extent it ignores corporate and legal separateness between GOOD Meat and other entities, persons and third parties, and requests that GOOD Meat provide information on behalf of entities or persons other than itself, including information outside of its possession, custody, or control. GOOD Meat therefore construes this definition to refer to GOOD Meat only and responds only on its own behalf.

4. "Litigation" shall mean the civil action initiated by Plaintiff against Defendants, which Defendants removed to the United States District Court for the Eastern District of Pennsylvania, No. 5:23-cv-01091.

5. "Amended Complaint" shall mean the Amended Complaint filed by Plaintiff in the Litigation in August 2023.

6. "Counterclaims" shall mean the Counterclaims filed by Defendants in the Litigation in January 2024.

7. Any capitalized terms not specifically defined herein shall have the same meaning as that set forth in the Amended Complaint or the Exhibits attached thereto.

8. Wherever used, the singular includes the plural, and the plural includes the singular; the masculine includes the feminine, and the feminine includes the masculine; the disjunctive "or" includes the conjunctive "and," and the conjunctive "and" includes the disjunctive "or"; and each of the functional words "each," "every," "any," and "all" includes each of the other functional words.

9. As used herein, the term "concerning" means regarding, referring to, describing, evidencing, or constituting.

10. As used herein, the term "relate(d)" or "relating" or "referring" means concerning, mentioning, reflecting, pertaining, involving, describing, depicting, discussing, commenting on, embodying, responding to, supporting, or constituting (in whole or part), as the context makes appropriate.

11. The term "communication" means the transmittal of information (in the form of facts, ideas, inquiries, or otherwise).

12. "ESI" shall mean all electronically stored information, including but not limited to computer files, electronic mail, text messages, instant messages, information on social media or other websites (e.g., Facebook, LinkedIn), information stored on "smart" or other Internet-and-text capable cellular phones or tablet devices (e.g., iPad), information stored on USB, "flash" drives, or other portable electronic media, information stored on cloud storage sites, and any other discoverable Internet data. ESI includes native file formats without alteration of deletion of any associated information like metadata.

13. As used herein, the terms "document" and "documents" are used in their broadest sense, and means all tangible items, all ESI, and all communications, writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form. This definition includes originals, copies, or any non-identical copy or draft version, and includes native file formats without alteration or deletion of any associated information, e.g., metadata, regardless of origin or location.

14. As used herein, the term "person" means any natural person or any business, legal, or governmental entity or association.

15. As used herein, the term "including" means "including, but not limited to."

16. Any reference to a corporation, partnership, or other business entity herein, including without limitation Plaintiff or Defendant, includes its divisions, departments and other corporate subdivisions, its domestic and foreign subsidiaries and affiliates, its predecessors in interest, its present or former officials, executives, officers, partners, directors, employees, agents, and all other persons acting or purporting to act on behalf of the entity its subsidiaries, officers,

predecessors, including all past or present employees exercising discretion, making policy, and making decisions or participating in any of the foregoing functions.

## REQUESTS FOR ADMISSION

**REQUEST NO. 1:** Admit that Defendant GM never entered into a written escrow agreement with the Plaintiff.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case, *e.g.*, this Request is not limited to the agreements under which Plaintiff and Defendants have asserted breach. GOOD Meat further objects to this Request on the grounds that the phrase "written escrow agreement" is vague and ambiguous and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 2:** Admit that Defendant GM never entered into an oral escrow agreement with the Plaintiff.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case, *e.g.*, this Request is not limited to the agreements under which Plaintiff and Defendants have asserted breach. GOOD Meat further objects to this Request on the grounds that the phrase "oral escrow agreement" is vague and ambiguous and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 3:** Admit that Defendant GM did not enter into any financing transaction with Nexseer Capital.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. For instance, this Request seeks the existence of third-party contracts irrelevant to the claims and defenses at issue in this matter. GOOD Meat further objects to the term "financing transaction" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 4:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 3rd Quarter of 2021.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 5:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 4th Quarter of 2021.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the

needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 6:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 1st Quarter of 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 7:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 2nd Quarter of 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 8:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 3rd Quarter of 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 9:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 4th Quarter of 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 10:** Admit that Defendant GM did not provide ABEC with quarterly financial summaries for the 1st Quarter of 2023.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the term "quarterly financial summaries" as

vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 11:** Admit that Defendant GM did not provide ABEC with a balance sheet of GM and its subsidiaries for fiscal year 2021.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "balance sheet of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 12:** Admit that Defendant GM did not provide ABEC with statements of income, cash flows and stockholder's equity of GM and its subsidiaries for fiscal year 2021.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat objects to this Request as compound in that it requests admissions related to "statement of income, cash flows and stockholder's equity." GOOD Meat further objects to the terms "statement of income" "cash flows" and "stockholder's equity" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is compound and unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 13:** Admit that Defendant GM did not provide ABEC with a balance sheet of GM and its subsidiaries for fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "balance sheet of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 14:** Admit that Defendant GM did not provide ABEC with statements of income, cash flows and stockholder's equity of GM and its subsidiaries for fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat objects to this Request as compound in that it requests admissions related to "statement of income, cash flows and stockholder's equity." GOOD Meat further objects to the terms "statement of income" "cash flows" and "stockholder's equity" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is compound and unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 15:** Admit that Defendant GM did not provide ABEC with an unaudited balance sheet of GM and its subsidiaries for 1st Quarter of fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the

needs of this case. GOOD Meat further objects to the phrase "unaudited balance sheet of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 16:** Admit that Defendant GM did not provide ABEC with an unaudited balance sheet of GM and its subsidiaries for 2nd Quarter of fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "unaudited balance sheet of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 17:** Admit that Defendant GM did not provide ABEC with an unaudited balance sheet of GM and its subsidiaries for 3rd Quarter of fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "unaudited balance sheet of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 18:** Admit that Defendant GM did not provide ABEC with a statement of income and cash flows of GM and its subsidiaries for 1st Quarter of fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "statement of income and cash flows of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 19:** Admit that Defendant GM did not provide ABEC with a statement of income and cash flows of GM and its subsidiaries for 2nd Quarter of fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "statement of income and cash flows of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 20:** Admit that Defendant GM did not provide ABEC with a statement of income and cash flows of GM and its subsidiaries for 3rd Quarter of fiscal year 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "statement of income and cash flows

of GM and its subsidiaries" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 21:** Admit that Defendant GM did not provide ABEC with the GM 2021 FY Financials before April 10, 2023.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "GM 2021 FY Financials" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 22:** Admit that Defendant GM did not provide ABEC with the Historical Quarterly Statements before April 10, 2023.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "Historical Quarterly Statements" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 23:** Admit that Defendant GM did not provide ABEC with summaries for Board Meetings that took place in 2021.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to the phrase "summaries for Board Meetings" as vague, ambiguous, and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 24:** Admit that Defendant GM did not provide ABEC with summaries of Board Meetings that took place in 2022.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to this Request to the extent the phrase "summaries of Board Meetings" is vague and ambiguous and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

**REQUEST NO. 25:** Admit that Defendant GM did not provide ABEC with summaries of Board Meetings that took place in 2023.

**RESPONSE:** GOOD Meat objects to this Request on the grounds that it is overly broad and unduly burdensome in that it seeks information that is neither relevant nor proportional to the needs of this case. GOOD Meat further objects to this Request to the extent the phrase "summaries of Board Meetings" is vague and ambiguous and subject to multiple interpretations. Based upon the foregoing, GOOD Meat is unable to admit or deny the Request because the substance of the

Request is unclear. GOOD Meat is willing to meet and confer with Plaintiff to clarify the scope and subject matter of this Request.

May 23, 2024

DLA Piper LLP (US)

*/s/ Brian J. Boyle*

Brian J. Boyle
*brian.boyle@us.dlapiper.com*
1650 Market Street, Suite 5000
Philadelphia, PA 19103-7300
215.656.3345

*Counsel for GOOD Meat, Inc.*